## In re WHITE INTERVIVOS TRUSTS.

### No. 04–06–00866–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 14, 2007.

David D. Towler, Law Office of David D. Towler, San Diego, TX, for Appellant.

Richard Leshin, James F. Buchanan, Welder Leshin L.L.P., Corpus Christi, TX, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

J.D. White and Connie White (collectively, "grantors") established the following four irrevocable trusts naming their minor grandchildren as beneficiaries: (1) in December 1992, the David Paul White Irrevocable Trust; (2) in December 1992, the Scott L. and Jake R. White Irrevocable Trust; (3) in December 1994, the Jacob Michael White Irrevocable Trust; and (4) in November 1997, the Samantha Walker White Irrevocable Trust. The grantors' two adult children, Larry J. White and David M. White, were named as trustees of each of the trusts. In February 2006, Larry and David (collectively, "the trustees") filed their Petition for Termination of White Intervivos Trusts. Scott and Jake (who are now adults) entered appearances, waived service and citation, and agreed that the trial court could hear and determine the cause without any further notice to them. Jon William West was appointed guardian ad litem to represent the interests of the minors, David, Samantha, and Jacob.

In their petition to terminate the trusts, the trustees alleged (1) the grantors' intent "was to provide assets in each of the" trusts for the benefit of the trustees, (2) the grantors were not advised that the trustees were not "distributees of the income and principal" of the trusts during their lifetimes, and (3) the purpose of the trusts was not satisfied. Therefore, the trustees concluded that based on circumstances unknown to the grantors, termination of the trusts furthered the purpose of the trusts as intended by the grantors. At a hearing on the petition, the court heard the testimony of one of the grantors, J.D. White, who stated he did not understand the difference between a "trustee" and a "beneficiary" and he intended Larry and David to be the beneficiaries of the trusts. He agreed that termination of the trusts would further the purpose of the trusts. On cross-examination, Mr. White admitted his attorney drafted the various trust documents. Other than Mr. White's testimony and admission of the trust documents into evidence, no other evidence was offered in support of the petition. Following the hearing, the trial court terminated the trusts and distributed the trust assets equally to the two trustees, who are the appellees before this court. This appeal was brought by the guardian ad litem on behalf of the minor grandchildren. We reverse that portion of the judgment terminating the trusts of David, Samantha, and Jacob.

## DISCUSSION

Each of the four trusts state the trust is irrevocable. Additionally, each of the four trust agreements clearly and unambiguously designate the grantors' grandchildren as beneficiaries of their respective trusts, and each clearly and unambiguous-

ly designate Larry and David as trustees. The 1992 trust agreements for David Paul White and Scott and Jake White state as follows: "This trust shall terminate on the death of both Grantors and both initial Trustees. Thereafter the Trustee shall distribute the remaining corpus per stirpes to the beneficiary named after each beneficiary attains 25 years of age. The beneficiary of this trust is [David Paul White and Scott and Jake White, respectively]." The 1994 and 1997 trust agreements for Jacob Michael White and Samantha Walker White designate Jacob and Samantha as beneficiaries at least three times in the documents and provide that their trusts "shall continue until the Primary Beneficiary attains the age of thirty (30) years."

All of the trust agreements admitted into evidence, except the one for Jacob, were signed by the grantors and Larry and David. In each case, Larry and David signed the trust documents as "trustees." Each trust document clearly and unambiguously states the trust is irrevocable. Despite signing the documents as trustees and despite the clear designation of the grandchildren as beneficiaries, the trustees waited until 2006 to petition the court alleging they were the intended beneficiaries. The only evidence of this intent was Mr. White's testimony that he did not understand the difference between a trustee and a beneficiary. Based on this testimony and in the face of the unambiguous language of the documents, the trial court found that "[a] mistake was made in drafting" the trust agreements. The trial court found that the grantors' intent "was to provide assets in each of the [trusts] for the benefit of" Larry and David and the "purpose of the [trusts] was not satisfied by each of the Trust Indentures creating the [trusts]." The court concluded "the termination of the [trusts] will further the purpose of the [trusts] as intended by [the grantors]" and the "continuance of the [trusts] is not necessary to achieve any material purpose of the [trusts]." On appeal, appellant asserts the evidence at trial established no legal basis for the termination of the trusts. We agree.

A settlor may not revoke a trust if "it is irrevocable by the express terms of the instrument creating it. . . ." Tex. Prop.Code Ann. § 112.051(a) (Vernon 2007). However, an irrevocable trust, such as the ones at issue here, may be judicially terminated under proper circumstances. In 2005, the Texas Legislature amended the Texas Property Code to provide that "a court may order that . . . the trust be terminated in whole or in part, if . . . because of circumstances not known to or anticipated by the settlor, the order will further the purposes of the trust." Id. § 112.054(a)(2). The court has "discretion to order a modification or termination under Subsection (a) in the manner that conforms as nearly as possible to the probable intention of the settlor." Id. § 112.054(b). The 2005 amendment to subsection (a)(2) "liberalized the rules governing modification and early termination of trusts." Stanley M. Johanson, Johanson's Texas Probate Code Ann., Texas Property Code § 112.054, commentary (2007 ed.). While the former law [1] allowed early termination of a trust only to permit "the removal of obstacles to carrying out the trust purposes"; the new law made termination easier "by authorizing modifications that enhance the attainment of the settlor's trust purposes." Id.

Although the amendment to subsection (a)(2) may have made termination of an irrevocable trust easier to achieve, there

1. The former version read: "because of circumstances not known to or anticipated by the settlor, compliance with the terms of the trust would defeat or substantially impair the accomplishment of the purposes of the trust."

must still be evidence of "circumstances not known to or anticipated by the settlor" presented to the court that supports terminating an irrevocable trust. Here, the unknown circumstance was Mr. White's "confusion." [2] He did not testify that this "confusion" stemmed from any misrepresentations made to him, from a lack of legal advice, or from a lack of awareness regarding the terms of the trust documents. He did not testify that he never intended to establish four separate irrevocable trusts over a period of five years. And no one explained why almost fourteen years had to pass before the "mistake" was realized. We conclude that this record cannot support a finding of "circumstances not known to or anticipated by the settlor." Accordingly, the trial court erred in terminating the trusts.

## CONCLUSION

Because we conclude the trial court erred in terminating the trusts, we reverse that portion of the trial court's judgment terminating the David Paul White Irrevocable Trust, the Jacob Michael White Irrevocable Trust, and the Samantha Walker White Irrevocable Trust and we reverse that portion of the judgment distributing the assets of these trusts to Larry J. White and David M. White. Because no appeal was taken from the termination of the Scott L. and Jake R. White Irrevocable Trust, we affirm that portion of the judgment. The judgment is affirmed in all other respects.

---

2. Mr. White testified, "I was more than confused."