**MAGNA DONNELLY CORPORATION, Magna Closures, Inc., and Intier Automotive, Inc., Appellants,**

v.

**Maricella DELEON, Individually, as Representative of the Estate of Rudy Leija, Deceased, and as Next Friend of Daniel Leija, Miguel Leija, and Clarissa Leija, Minor Children, Andres Leija, Individually, and Angie Bermea, Individually, Appellees.**

No. 04–07–00749–CV.

Court of Appeals of Texas, San Antonio.

June 4, 2008.

Patrick J. Pearsall, Jeffrey S. Taylor, Roy A. Spezia, Clark, Thomas & Winters, P.C., Austin, TX, for Appellant.

Mark A. Cantu, Law Office of Mark A. Cantu, McAllen, TX, for Appellee.

Grady L. Roberts, Jr. Law Office of Grady L. Roberts, Jr., James A. Sindon, Sylvia Rodriguez, Law Office of Sylvia Rodriguez, Pearsall, TX, for Ad litem.

Sitting: ALMA L. LÓPEZ, Chief Justice, PHYLIS J. SPEEDLIN, Justice, Steven C. Hilbig, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Appellants challenge the trial court's award of $3,000 in fees to each of three guardians ad litem appointed to represent the interests of the minor children. We reverse all of the awards, render judgment that one guardian ad litem is not entitled to any compensation, and remand to the trial court for further proceedings as to reasonable and necessary compensation for two of the guardians ad litem.

### BACKGROUND

Rudy Leija suffered fatal injuries in a single vehicle rollover accident in 2005. His wife, Maricella DeLeon, individually and as representative of her husband's estate, and as next friend of their three minor children—Clarissa, Daniel, and Miguel—sued Ford Motor Company, Gillespie Ford, and several suppliers of parts for the vehicle's door latch system.[1] Ultimately, a settlement was reached with the suppliers, Magna Donnelly Corporation, Magna Closures, Inc., and Intier Automotive, Inc. (collectively referred to as "the Suppliers"). Prior to seeking the district court's approval of the settlement agreement, DeLeon requested the appointment of guardians ad litem to represent the interests of her three minor children. The trial court granted the application and appointed three guardians ad litem, Sylvia Rodriguez, Grady L. Roberts, Jr., and James Sindon, one for each minor plaintiff.

Approximately three weeks later, Rodriguez and Roberts appeared on behalf of their respective minor clients at the hearing to approve the settlement. Both asserted that the proposed settlement was in the best interests of their minor clients, and requested ad litem fees of $5,000 as a reasonable and necessary amount for the services they performed. Neither Rodriguez nor Roberts filed a verified application for compensation, but both testified. Rodriguez, who represented 5 year-old Daniel, testified that her hourly rate is at least $250 per hour and she spent 10 hours reviewing documents and speaking with

1. Plaintiffs' First Amended Original Petition sought wrongful death and survival damages on behalf of the minors. DeLeon did not include a damages claim for any personal injuries sustained by the two children, Daniel and Miguel, who were in the vehicle at the time of the accident.

the Plaintiffs' attorney, Mark Cantu, and two hours visiting with her client's mother. Roberts, who represented 17 year-old Clarissa, testified that his hourly rate is $250 per hour and he also looked through the whole file, talked to Cantu and the other ad litems, and visited for one hour with Clarissa and her mother—for a total of 12 to 15 hours spent on the matter. Sindon did not appear at the hearing or file an application for compensation; according to DeLeon, he did not meet with her or 4 year-old Miguel. Rodriguez and Roberts, however, testified that they had discussed compensation with Sindon and that he joined them in requesting $5,000. At the conclusion of the hearing, the trial court approved the settlement agreement and ordered the Suppliers to pay $3,000 in compensation to each of the guardians ad litem.[2] This appeal followed. The Suppliers argue that (1) the fee awarded to each of the three court-appointed guardians ad litem is excessive and not supported by factually and legally sufficient evidence, and (2) the trial court abused its discretion by appointing three separate guardians ad litem in violation of Texas Rule of Civil Procedure 173.2(b). We will discuss each argument in turn.

## STANDARD OF REVIEW

A guardian ad litem must be appointed for a minor party when a conflict of interest exists between the child and the child's guardian or next friend. TEX.R. CIV. P. 173.2(a). Once appointed, a guardian ad litem acts as both an officer and advisor to the court. TEX.R. CIV. P. 173.4(a). When a settlement of the child's claim is proposed, a guardian ad litem has "the limited duty to determine and advise the court whether the settlement is in the party's best interest." TEX.R. CIV. P. 173.4(c). As the personal representative of the minor, a guardian ad litem may seek reasonable compensation for necessary services performed. TEX.R. CIV. P. 173.6(a). "A reasonable hourly rate multiplied by the number of hours spent performing necessary services within the guardian ad litem's role yields a reasonable fee." *Land Rover U.K., Ltd., v. Hinojosa,* 210 S.W.3d 604, 608 (Tex.2006) (per curiam). Because the guardian ad litem has a limited role, not all litigation services are necessary or required. *Id.* at 607 (guardian ad litem may not recover fees for services that duplicate work performed by plaintiff's attorney); *Brownsville–Valley Reg'l Med. Ctr., Inc. v. Gamez,* 894 S.W.2d 753, 756–57 (Tex.1995) (guardian ad litem may not recover fees for services that duplicate duties imposed on the trustee and the minor's parents). "If a guardian ad litem performs work beyond the scope of this role, such work is non-compensable." *Land Rover U.K.,* 210 S.W.3d at 607. We review a guardian ad litem fee award under an abuse of discretion standard based on the sufficiency of the evidence that the fee was reasonable and necessary. *Id.; Garcia v. Martinez,* 988 S.W.2d 219, 222 (Tex.1999) (per curiam). A trial court abuses its discretion in "ordering payment of a fee in excess of the product of the hours spent and the hourly fee supported by the testimony using the *Andersen* factors." *Land Rover U.K.,* 210 S.W.3d at 608 (referencing *Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997)).

## DISCUSSION

The Suppliers first argue that the guardians ad litem had a mandatory obligation to file a verified application detailing the basis for the compensation request-

---

**2.** The trial court also granted a joint motion to sever Plaintiffs' causes of action against the Suppliers from the remaining claims against the other defendants.

ed, citing Texas Rule of Civil Procedure 173.6(b). The Suppliers contend that in the absence of a procedurally correct request, the trial court abused its discretion in awarding any compensation. We disagree that the rule imposes such a mandatory obligation. Rule 173.6(b) provides in pertinent part:

> At the conclusion of the appointment, a guardian ad litem may file an application for compensation. The application must be verified and must detail the basis for the compensation requested. Unless all parties agree to the application, the court must conduct an evidentiary hearing to determine the total amount of fees and expenses that are reasonable and necessary.

Tex.R. Civ. P. 173.6(b). Based on the clear language of the rule, a guardian ad litem "may file" a detailed application at the conclusion of the appointment. If the fee application is agreed to by **all parties,** the court may determine reasonable and necessary fees and expenses without the necessity of an evidentiary hearing. Tex.R. Civ. P. 173.6(b). Contrary to imposing a mandatory obligation, the rule instead allows a guardian ad litem to avoid the necessity of an evidentiary hearing on the issue of compensation when a sufficiently detailed application is filed that yields an agreement among the parties. Here, a verified application for compensation was not required or filed by the guardians ad litem. Accordingly, the trial court properly conducted an evidentiary hearing on the issue of reasonable compensation.

■ Next, the Suppliers argue the trial court abused its discretion by awarding Rodriguez and Roberts compensation for tasks that were more appropriately performed by the children's attorney. Specifically, the Suppliers point to testimony by Rodriguez that she spent approximately ten hours locating and reviewing the "very, very lengthy file," placing several calls to the Plaintiffs' attorney "to figure out what had happened," and speaking with the other ad litems "regarding the rest of the children." Additionally, she spent two hours meeting with her minor client, Daniel, and his mother. During this meeting, Rodriguez testified she discussed with Daniel's mother, among other things, "the judgment, the motion to discover, and the effect of the release forms." Rodriguez stated, "I wanted to make sure that she totally understood what was going on. I'm sure that Mr. Cantu had explained it to her, but once again, it was my job as the attorney ad litem for Daniel to make sure that [Ms. DeLeon] understood." The Suppliers also point to similar testimony by Roberts that he spent 12 to 15 total hours reviewing the "whole file," including discovery, pleadings, and correspondence; talking to the Plaintiffs' attorney or his office "a number of times;" discussing the matter with the other two ad litems; and meeting with his client, Clarissa, and her mother on one occasion for approximately one hour, at which time he warned Clarissa about the hazards of spending her money quickly. Based on this testimony, the Suppliers argue that Rodriguez and Roberts took on tasks that were more appropriately performed by the children's attorney, thereby exceeding their limited role as guardians ad litem. We agree.

■ Because none of the guardians ad litem introduced written billing records, we must look to their testimony. *See Land Rover U.K.,* 210 S.W.3d at 609 (noting that while written billing records may not be required, they are "quite helpful in considering the fee"). Here, the record before the trial court showed that both Rodriguez and Roberts spent the great majority of their time obtaining and reviewing the "lengthy" case file. Neither clarified exactly what was reviewed within

the file, or why such an extensive review was necessary in light of the fact that none of the three children had pending claims for personal injuries. Moreover, the record is devoid of any proof of the particular legal services, if any, that were rendered by Rodriguez and Roberts to evaluate the appropriateness and fairness of the proposed settlement with respect to their minor clients. Tex.R. Civ. P. 173 cmt. 3 ("no reason exists for the guardian ad litem to participate in the conduct of the litigation . . . or to review the discovery or the litigation file except **to the limited extent that it may bear on the division of settlement proceeds**"). What the record does reflect is that all three minors received identical settlement amounts of $18,000 for the alleged wrongful death of their father. Furthermore, there is affirmative testimony in the record that Rodriguez duplicated at least some of the work performed by the Plaintiffs' attorney. Specifically, Rodriguez testified she discussed settlement documents with her client's mother although she was "sure that Mr. Cantu had explained it to her." As noted by our Supreme Court, advice that duplicates the duties of the lawyer representing the minor in the litigation, and extends beyond the formal role of a guardian ad litem, is not compensable to a guardian ad litem even though it may indeed benefit the minor. *Land Rover U.K.,* 210 S.W.3d at 609 (citing *Gamez,* 894 S.W.2d at 756–57). Because the record reflects that the ad litem fees awarded to Rodriguez and Roberts are predicated, at least in part, on tasks that were not compensable because they were either unnecessary or fell outside the limited scope of a guardian ad litem's role, we conclude that the trial court abused its discretion in awarding $3,000 in guardian ad litem fees to both Rodriguez and Roberts. *See id.*

▮▮▮ Furthermore, there is no evidence in this record to support the $3,000 fee awarded to Sindon. A guardian ad litem fee is not automatic. Tex.R. Civ. P. 173.6(a) (guardian ad litem *may* be paid a reasonable hourly fee for necessary services performed). The burden of proof falls on the guardian ad litem to establish that such fees are reasonable and necessary. *Id.; Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991) (burden of proof is on party seeking recovery of attorney's fees); *Goodyear Dunlop Tires N. Am., Ltd. v. Gamez,* 151 S.W.3d 574, 583 (Tex.App.–San Antonio 2004, no pet.) (burden falls on ad litem, not the parties, to restrict actions to those necessary to guardian ad litem's limited role). Here, Sindon did not file a verified application for compensation, and did not appear and testify at the evidentiary hearing. There is absolutely no evidence in this record of Sindon's hourly rate or the amount of time, if any, he spent in his role as a guardian ad litem on behalf of 4 year-old Miguel. Accordingly, Sindon failed to carry his burden in order to obtain compensation under Rule 173.6. A trial court abuses its discretion in awarding guardian ad litem fees if there is no evidence or insufficient evidence to support the fee award. *See Garcia,* 988 S.W.2d at 222.

▮▮▮ Finally, the Suppliers argue the trial court abused its discretion by appointing three guardians ad litem in violation of the plain language of Rule 173.2(b), which states that "[t]he court **must** appoint the same guardian ad litem for similarly situated parties **unless** the court finds that the appointment of different guardians ad litem is necessary." Tex.R. Civ. P. 173.2(b) (emphasis added). The Suppliers assert that all three minor children were similarly situated, and because the trial court made no contrary finding, it abused its discretion in appointing more than one ad

litem, resulting in needless duplication of work and a three-fold increase in guardian ad litem compensation. In response, Rodriguez, Roberts, and Sindon argue that the Suppliers failed to preserve error by not raising a specific and timely objection to the appointment of three ad litems in the trial court. We agree with the guardians ad litem.

A review of the record reveals that the Suppliers did not object to the appointment of multiple guardians ad litem, either at the time DeLeon initially requested the appointments for her three minor children or during the settlement hearing. Rule 173 expressly contemplates a trial objection to the appointment of a guardian ad litem, and provides the right to seek the extraordinary remedy of mandamus review of an order appointing a guardian ad litem. *See* Tex.R. Civ. P. 173.3(c), 173.7(a). Therefore, the rule clearly envisions a prompt resolution of issues surrounding the appointment of a guardian ad litem—while the action is pending. Moreover, a timely and specific trial objection that provides the trial court with an opportunity to cure the error is generally a prerequisite to presenting a complaint on appeal. Tex. R.App. P. 33.1(a). Here, the Suppliers raised their objection to the appointment of multiple ad litems for the first time in their post-judgment motion for new trial. The overruling by operation of law of a motion for new trial preserves a complaint raised in the motion for appellate review only if the taking of evidence was not necessary to properly present the complaint in the trial court. Tex.R.App. P. 33.1(b). By failing to raise a timely objection before entry of judgment, the Suppliers failed to make the trial court aware of their contention that the three minors were similarly situated, and failed to develop evidence in support of that contention. Accordingly, the Suppliers have not properly preserved this issue for appeal.

CONCLUSION

Based on our review of the record, we conclude, as detailed above, that the trial court abused its discretion in awarding $3,000 in guardian ad litem fees to both Rodriguez and Roberts because the record contains insufficient evidence to support the awards, and in awarding $3,000 to Sindon because the record is devoid of any evidence to support the reasonableness or necessity of such a fee. Accordingly, we reverse the awards of guardian ad litem fees to Rodriguez and Roberts, and remand to the trial court to reconsider the amount of reasonable and necessary fees for Rodriguez and Roberts, if any, in accordance with this opinion. As to Sindon, we reverse the award of a guardian ad litem fee, and render judgment that Sindon is not entitled to any compensation.