



**MEMORANDUM OPINION**

No. 04-09-00040-CV

**IN RE WHITE INTER VIVOS TRUSTS**

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-08-64
Honorable Alex William Gabert, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Rebecca Simmons, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  August 31, 2009

AFFIRMED

In this attorneys' fees dispute, Appellants Larry and David White (Trustees) appeal the trial court's judgment awarding guardian ad litem fees to Appellee Jon West for services prosecuting an appeal. Because West could and did properly present evidence on his claim for appellate attorneys' fees at the trial on the Trustees' equitable bill of review, we affirm the judgment of the trial court.

**BACKGROUND**

In the mid-1990s, grantors J.D. and Connie White created irrevocable trusts for their grandchildren and appointed their sons, Larry and David White, as trustees. In February 2006, the Trustees sought to terminate their minor children's irrevocable trusts (the Trusts Case). Jon

West, the court-appointed guardian ad litem, represented the minor grandchildren—the inter vivos trusts' beneficiaries. In September 2006, the trial court terminated the minors' trusts and awarded West attorneys' fees for his services at trial. A few days after the Trusts Case judgment was signed, West submitted an application for guardian ad litem fees to represent the minors on appeal. In November 2006, apparently without notice to the Trustees or an evidentiary hearing, the trial court signed an Order Granting Fees to West for $35,000.00, payable by the Trustees, for West's services to prosecute an appeal. The Trustees later claimed not to have notice of this Order.

West filed a notice of appeal in December 2006 of the Trusts Case judgment. On November 14, 2007, this court reversed the trial court and reinstated the minors' trusts.[1] Approximately one year after the Order was signed, West presented the trial court's Order Granting Fees to the Trustees for payment. In response, the Trustees filed an equitable bill of review urging the trial court to vacate its Order Granting Fees and dismiss West's application for compensation. West counterclaimed in the bill of review proceeding for the appellate attorneys' fees. After the trial on the bill of review issues, the trial court vacated its original Order Granting Fees, but awarded West $27,405.00 for attorneys' fees in appealing the Trusts Case pursuant to West's counterclaim. The Trustees appeal the attorneys' fees award.

## STANDARD OF REVIEW

Neither party complains of the trial court's vacating of the original Order Granting Fees. The Trustees complain of the trial court's subsequent award of fees to West in the bill of review proceedings. Generally, an appellate court reviews an award of guardian ad litem fees for an abuse of discretion. *Holt Tex., Ltd. v. Hale*, 144 S.W.3d 592, 594–95 (Tex. App.—San Antonio 2004, no pet.) (citing *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999)); *see generally* W.

---

[1] *See In re White Intervivos Trusts*, 248 S.W.3d 340 (Tex. App.—San Antonio 2007, no pet.).

Wendell Hall, *Standards of Review in Texas*, 38 ST. MARY'S L.J. 47, 226–27 (2006). We give appropriate deference to the trial court's factual determinations, but we review questions of law de novo. *Pony Express Courier Corp. v. Morris*, 921 S.W.2d 817, 820 (Tex. App.—San Antonio 1996, no writ) (citing *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992)).

### PROCEDURES CONTROLLING GUARDIAN AD LITEM COMPENSATION

A trial "court must appoint a guardian ad litem for a party represented by a next friend . . . [where] the next friend or guardian appears to the court to have an interest adverse to the party." TEX. R. CIV. P. 173.2(a). The guardian ad litem may file an application for compensation with the court. TEX. R. CIV. P. 173.6(b); *Land Rover U.K., Ltd. v. Hinojosa*, 210 S.W.3d 604, 607 (Tex. 2006) (citing TEX. R. CIV. P. 173.6(a)). The guardian ad litem bears the burden of proving his fees. *Magna Donnelly Corp. v. DeLeon*, 267 S.W.3d 108, 113 (Tex. App.—San Antonio 2008, no pet.) (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991)). "Unless all parties agree to the application, the court must conduct an evidentiary hearing to determine the [fees award]." *See* TEX. R. CIV. P. 173.6(b); *Magna Donnelly*, 267 S.W.3d at 112.

### EQUITABLE BILL OF REVIEW

The Trustees contend in their only issue that West's claims for attorneys' fees was barred by res judicata or claim preclusion because West should have sought his appellate attorney fees before the Trusts Case appeal became final. According to the Trustees, West's original attempt to obtain appellate fees through a trial court order without ensuring the fees award was included in the final judgment precludes him from obtaining attorneys' fees based on his counterclaim in the bill of review proceeding. In order to determine whether West's claim was barred by res

judicata or claim preclusion, we must examine the effect of the bill of review proceeding on the request for fees.

"A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to motion for new trial." *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). The judgment may be set aside "for sufficient cause." TEX. R. CIV. P. 329b(f); *Baker*, 582 S.W.2d at 406. The complainant files a petition "to invoke the equitable powers of the court." *Baker*, 582 S.W.2d at 408; *In re K.M.S.*, 68 S.W.3d 61, 66 (Tex. App.—Dallas 2001), *pet. denied*, 91 S.W.3d 331 (Tex. 2002) (per curiam). Generally, the bill of review complainant must prove "'(1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own.'" *Baker*, 582 S.W.2d at 406–07 (quoting *Alexander v. Hagedorn*, 148 Tex. 565, 568–69, 226 S.W.2d 996, 998 (1950)). If the complainant establishes prima facie proof of a meritorious defense, the court conducts a trial at which the merits of the underlying issue are effectively relitigated. *Caldwell v. Barnes*, 154 S.W.3d 93, 98 (Tex. 2004); *Baker*, 582 S.W.2d at 409. During the bill of review trial, "the parties . . . revert to their original status as plaintiff and defendant with the burden on the original plaintiff to prove his or her case." *Caldwell*, 154 S.W.3d at 98; *accord Baker*, 582 S.W.2d at 407–08. The bill of review defendant—the original plaintiff—must prove, and may offer evidence to support, "his original cause of action." *Meece v. Moerbe*, 631 S.W.2d 729, 729 (Tex. 1982) (citing *Baker*, 582 S.W.2d at 409). At the end of the proceeding, if the fact-finder decides the complainant (the original defendant) has proved his case to set aside the judgment, the trial court may vacate the prior judgment. *See Baker*, 582 S.W.2d at 409. And if the bill of review defendant (the plaintiff in the original proceeding)

proves his original case, the trial court may "substitute a new judgment which properly adjudicates the entire controversy." *In re J.B.A.*, 127 S.W.3d 850, 851 (Tex. App.—Fort Worth 2004, no pet.); *cf. Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995) (per curiam) (citing *Tesoro Petrol. v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam)).

### APPELLATE ATTORNEYS' FEES

Because West served as the guardian ad litem in the Trusts Case, upon proper application, West was entitled to be paid. *See* TEX. R. CIV. P. 173.6(b); *Land Rover*, 210 S.W.3d at 607; *Youngstown Area Jewish Fed'n v. Dunleavy*, 223 S.W.3d 604, 608 (Tex. App.—Dallas 2007, no pet.) ("A guardian ad litem is entitled to a reasonable fee for his services . . . ."). West submitted an application for compensation for appellate fees to the Trusts Case trial court. The Trustees assert they told West in a telephone conference that they objected to his fees request. If so, the Trusts Case trial court was required to hold an evidentiary hearing before awarding fees. *See* TEX. R. CIV. P. 173.6(b); *Magna Donnelly*, 267 S.W.3d at 112. After the Trusts Case concluded, the Trustees (1) timely filed a bill of review challenging the Order Granting Fees as void for lack of an evidentiary hearing, and (2) moved for summary judgment on the issue that West's counterclaim for fees was barred by res judicata. The trial court denied the Trustees' motion and ordered a trial on the Trustees' bill of review issues: (1) the Order Granting Fees, and (2) West's attorneys' fees claim.

At trial, the Trustees bore the burden to prove, and the opportunity to submit evidence to show, the prior Order Granting Fees was improperly rendered. *See Baker*, 582 S.W.2d at 409; *Meece*, 631 S.W.2d at 729; *see also Caldwell*, 154 S.W.3d at 97–98. The Trustees submitted their evidence and the original Order was vacated. But in return, West bore the burden to prove—and submitted evidence to support—his claim for appellate attorneys' fees. *See*

*Caldwell*, 154 S.W.3d at 98; *Baker*, 582 S.W.2d at 409 (burdening the bill of review defendant with "proving his original cause of action . . . [to ensure] the original, underlying cause of action is supported by the weight of the evidence"). Because the Trustees were granted a trial on the propriety of the Order Granting Fees and West's fees claim, West could and did present evidence to support his claim for appellate attorneys' fees. *See Caldwell*, 154 S.W.3d at 97–98; *Baker*, 582 S.W.2d at 409.

## CONCLUSION

Appellee Jon West's claim for appellate attorneys' fees was not barred by res judicata because West was entitled to present evidence at Appellants Larry and David White's equitable bill of review trial in support of his original cause of action for guardian ad litem appellate attorneys' fees. Accordingly, we affirm the judgment of the trial court.


Rebecca Simmons, Justice