

# NUMBER 13-19-00366-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MCALLEN HOSPITALS, L.P.;
MCALLEN HOSPITALS, L.P. D/B/A
MCALLEN MEDICAL CENTER;
MCALLEN MEDICAL CENTER;
MCALLEN HOSPITALS, L.P. D/B/A
SOUTH TEXAS HEALTH SYSTEM;
AND SOUTH TEXAS HEALTH SYSTEM,                          Appellants,

v.

ELOY SEPULVEDA,                                         Appellee.

On appeal from the 389th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Longoria, Hinojosa, and Tijerina
Memorandum Opinion by Justice Longoria

Appellants McAllen Hospitals, L.P., McAllen Hospitals, L.P. d/b/a McAllen Medical

Center, McAllen Medical Center, McAllen Hospitals, L.P. d/b/a South Texas Health System, and South Texas Health System challenge the trial court's award of $100,000 in guardian ad litem fees to appellee Eloy Sepulveda. We reverse and remand.

## I. BACKGROUND

On or about August 2013, Mario I. Rodriguez and Ludivina Iracheta, individually and as next friends of Mario Isaias Rodriguez, Jr., a minor (collectively plaintiffs), added appellants as defendants in a medical malpractice lawsuit alleging negligence in the care and treatment of the minor after he suffered injuries in an auto-pedestrian accident.[1] Appellants answered in January 2014. In January 27, 2015, a motion to appoint guardian ad litem was filed. The next day the motion was granted, and an order was entered appointing appellee as the guardian ad litem for the minor. In November 2017, a Rule 11 agreement was filed with the trial court and a settlement was announced among all parties. On January 9, 2018, the trial court held a friendly suit hearing wherein appellee recommended approval of the settlement. Appellee also announced that he had received $15,000 in guardian ad litem fees from defendants Hugo F. Carvajal, M.D., Texas Inpatient Pediatrics, P.A., and Texas Pedicare, P.A., per an agreement. The trial court approved the settlement. On January 10, 2018, appellee filed a motion to create, establish, and fund a special needs trust for the benefit of the minor, which was granted by order of the trial court the next day.

Appellee then filed a motion to set a hearing on his guardian ad litem fees. Appellee

---

[1] The other named defendants in the lawsuit were Hugo F. Carvajal, M.D., Texas Inpatient Pediatrics, P.A.; Texas Pedicare, P.A., RGV Pediatric Critical Care, P.A.; South Texas Urgent Care, P.L.L.C. d/b/a North Central Urgent Care, and Comprehensive Urgent Care, P.A. These named defendants are not parties to this appeal.

later filed his application for compensation, in which he requested guardian ad litem fees for 754 hours of work at $300 per hour, plus expenses in the amount of $2,138.03, minus the $15,000 he already received, for a total of $213,338.03.

Over the course of multiple settings, the trial court held a lengthy evidentiary hearing, during which appellee testified that he was appointed as guardian ad litem to the minor in the underlying case on January 20, 2015. He explained that upon his review of the files, he learned that the case was a complicated medical malpractice case. Appellee began to familiarize himself with the case by reading the files and discussing the medical portions with his brother who is a medical doctor, but he stated that he did not account for the time he spoke with his brother in his billable hours. The case went to mediation twice, once in Houston and once in Dallas. Appellee testified that he stayed "on top" of the case, reviewing all the documents and files in the case from both sides.

Appellee's self-reported time sheet, which showed 754 hours of billable time between February 2015 and February 2018, was entered into evidence. He testified that he bills at $300 per hour, though there are cases in which he charges more. While he was "not asking for any type of compensation" for it, he informed the trial court that he turned down "some pretty good cases and some good employment" because of the underlying case. He explained that in this case, "there was a lot of material to read," and that he was "totally los[t]" in regard to the underlying medical malpractice case. He believed part of his role was to gather data and evaluate the case. He agreed that his billing was done in hour increments. Appellee testified that he had interactions with both sides of the case, attended depositions, traveled for mediations, and read correspondence. He stated that

3

he did not duplicate the work of the plaintiffs' lawyers but that for the needs of his client, he had to review all the documents, correspondence, and depositions in the case.

Regarding his agreed-to fee of $15,000 with the other defendants in this case, appellee testified that he had minimal involvement in that portion of the settlement, and the fee was agreed to by the parties. He did not keep separate hours for the other defendants in the case, but the $15,000 he already received would be subtracted from the total amount sought from appellants in the underlying case. Counsel for appellee called himself as a witness and testified that he considered appellee's billing rate of $300 per hour to be reasonable.

Counsel for appellants testified regarding the evidence presented of appellee's hours worked in this matter, specifically arguing that many of the billed hours were exaggerated. In one instance, counsel testified that appellee billed three hours to review a deposition that lasted only forty-five minutes. Counsel testified that the deposition was not difficult and would not have required additional research to understand, and therefore that at most, he believed appellee could have only spent one hour reviewing the deposition. There were several other similar specific instances that appellants' counsel testified were exaggerated. Counsel also testified that appellee only billed in full one-hour increments, which in many instances he believed the work done would have taken two-tenths of an hour, or less. After directing the trial court to many of these instances in, going page by page through appellee's billing record, counsel for appellants stated that he "came up with a total of 54.6 hours" as opposed to the 754 that appellee was seeking payment for. Accordingly, counsel testified that he believed appellee was entitled to a

4

maximum of $16,380 at $300 per hour, but that he also believed a more reasonable fee would be $225 per hour.

On cross-examination, counsel for appellants testified that he did not believe that appellee needed to read every single document and filing in the case because it was not within his role as guardian ad litem.

At the conclusion of the hearing, the trial court took the matter under advisement to consider all of the testimony and evidence. The trial court subsequently entered an order awarding appellee $100,000 in ad litem fees and $1,675.16 in expenses. This appeal ensued.

## II.     GUARDIAN AD LITEM FEES

Appellants argue that the trial court abused its discretion in awarding appellee $100,000 in guardian ad litem fees because appellee "failed to meet his burden to prove such fees were reasonable and necessary" and because appellee had already received $15,000 in guardian ad litem fees.

## A.     Standard of Review and Applicable Law

An appellate court reviews the award of ad litem fees under an abuse of discretion standard based on the sufficiency of the evidence that the fee was reasonable and necessary. *Land Rover U.K., Ltd., v. Hinojosa*, 210 S.W.3d 604, 607 (Tex. 2006) (per curiam) (applying an abuse of discretion standard of review to the award of guardian ad litem fees); *see also Columbia Rio Grande Healthcare, L.P. v. De Leon*, No. 13–09–00496–CV, 2011 WL 227669, at *3 (Tex. App.—Corpus Christi–Edinburg Jan. 20, 2011, no pet.) (mem. op.) (same). The burden of proof falls on the ad litem to establish that his

5

fees are reasonable and necessary. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991); *see also De Leon*, 2011 WL 227669, at *3.

A guardian ad litem must be appointed to act as an officer and advisor to the court if a party is represented by a next friend who may have an adverse interest. TEX. R. CIV. P. 173.2, 173.4(a). When a settlement has been proposed to resolve the claim of a party represented by a next friend, as in this case, a guardian ad litem has "the limited duty to determine and advise the court whether the settlement is in the party's best interest." *Id*. R. 173.4(c). "Once appointed, the guardian ad litem displaces the next friend and becomes the personal representative of the [incapacitated person]." *City of Houston v. Woods*, 138 S.W.3d 574, 579 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citations omitted); *see* TEX. R. CIV. P. 173.4(a). "No reason exists for the guardian ad litem to participate in the conduct of the litigation . . . or to review the discovery or litigation file except to the limited extent that it may bear on the division of settlement proceeds." TEX. R. CIV. P. 173, cmt. 3. "The guardian ad litem is required to participate in the case to the extent necessary to protect the [incapacitated person]. The guardian ad litem has considerable latitude in determining what depositions, hearings, conferences, or other activities are necessary to that effort." *Woods*, 138 S.W.3d at 579 (citations omitted); *see also Ford Motor Co. v. Aguilar*, No. 13-16-00290-CV, 2017 WL 541117, at *4 (Tex. App.—Corpus Christi–Edinburg Feb. 9, 2017, no pet.) (mem. op.). But "[i]f a guardian ad litem performs work beyond the scope of this role, such work is non-compensable." *Land Rover*, 210 S.W.3d at 607.

A guardian ad litem "may be reimbursed for reasonable and necessary expenses

incurred and may be paid a reasonable hourly fee for necessary services performed."
TEX. R. CIV. P. 173.6(a). A guardian ad litem may not be reimbursed for services rendered after resolution of the conflict for which he is appointed. *See Brownsville Reg'l Med. Ctr. v. Gamez*, 894 S.W.2d 753, 756–57 (Tex. 1995). In other words, although "ad litems are entitled to be compensated for their time in preparing their ad litem reports to the court because that falls within the scope of their duties and promotes the interest of their minor [or incapacitated adult]," guardians ad litem are not entitled "to earn fees for post-conflict services in pursuit of their own interests, such as drafting their fee statements, preparing for the fee hearing and their time defending their fees at the hearing." *Goodyear Dunlop Tires N.A., Ltd. v. Gamez*, 151 S.W.3d 574, 587 (Tex. App.—San Antonio 2004, no pet.) (citations omitted). Finally, a guardian ad litem is not entitled to recover his appellate fees. *Id*. at 592; *see also De Leon*, 2011 WL 227669, at *5 (citing TEX. R. CIV. P. 173 and *Holt Tex., Ltd. v. Hale*, 144 S.W.3d 592, 598 (Tex. App.—San Antonio 2004, no pet.) (op. on reh'g)) (determining "that Rule 173 only authorizes guardian ad litem fees for the representation of a minor and not for the representation of the ad litem's own interest" and concluding that the trial court abused its discretion when it awarded the ad litem "fees for any appeals related solely to the dispute over his ad litem fees"). The court may tax a guardian ad litem's compensation as costs of court. TEX. R. CIV. P. 173.6(c); *see id*. R. 131 (providing that "[t]he successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided"), R. 141 (permitting a trial court, for good cause stated on the record, to "adjudge the costs otherwise than as provided by law or [the rules of civil procedure]"); *see also Garza v. Slaughter*, 331 S.W.3d 43, 45–49

7

(Tex. App.—Houston [14th Dist.] 2010, no pet.).

## B.     Appointment of Guardian Ad Litem

Appellants first argue that appellee was improperly appointed as guardian ad litem in the underlying medical malpractice case because there was no conflict, or apparent conflict, between the parents and their child. Appellee responds that this argument has not been preserved for our review because appellants "did not appeal the order appointing [a]ppellee as guardian ad litem."

A review of the record reveals that appellants did not object to the appointment of a guardian ad litem. Rule 173 expressly contemplates a trial objection to the appointment of a guardian ad litem and provides the right to seek the extraordinary remedy of mandamus review of an order appointing a guardian ad litem. *See* TEX. R. CIV. P. 173.3(c), 173.7(a). Therefore, the rule clearly envisions a prompt resolution of issues surrounding the appointment of a guardian ad litem—while the action is pending. *See Magna Donnelly Corp. v. DeLeon*, 267 S.W.3d 108, 114 (Tex. App.—San Antonio 2008, no pet.). Moreover, a timely and specific trial objection that provides the trial court with an opportunity to cure the error is generally a prerequisite to presenting a complaint on appeal. TEX. R. APP. P. 33.1(a). Here, appellants raised their objection to the appointment of a guardian ad litem for the first time at the hearing on appellee's application for fees. By failing to raise a timely objection, appellants failed to make the trial court aware of their contention that there was no conflict, or apparent conflict, between the parents and the minor. Accordingly, appellants have not properly preserved this issue for appeal. *See Magna Donnelly Corp.*, 267 S.W.3d at 114. We overrule appellant's issue in part as it

8

relates to the appointment of a guardian ad litem.

## C.    Guardian Ad Litem Fees

Appellants next argue that the trial court erred in awarding appellee $100,000 in guardian ad litem fees because he did not meet his burden to prove such fees were reasonable and necessary.

A guardian ad litem is not an attorney for the child but an officer appointed by the court to assist in protecting the child's interests when a conflict of interest arises between the child and the child's guardian or next friend. *Land Rover*, 210 S.W.3d at 607; *Am. Gen. Fire & Cas. Co. v. Vandewater*, 907 S.W.2d 491, 493 n. 2 (Tex. 1995); *see also Jocson v. Crabb*, 133 S.W.3d 268, 271 (Tex. 2004); *Garcia v. Martinez*, 988 S.W.2d 219, 222 n.2 (Tex. 1999). As the personal representative of a minor, a guardian ad litem is required to participate in the case only to the extent necessary to protect the minor's interest and should not duplicate the work performed by the plaintiff's attorney. *See Jocson*, 133 S.W.3d at 270–71; *Vandewater*, 907 S.W.2d at 493 n. 2; *see also* TEX. R. CIV. P. 173.7 cmt. 3.

Specifically, the guardian ad litem may be compensated only for work related to the evaluation of the proposed settlement and for advising the court as to the fairness of the settlement to the minor. *Byrd v. Woodruff*, 891 S.W.2d 689, 707 (Tex. App.—Dallas 1994, writ denied). In reviewing a proposed settlement, the guardian ad litem's duty includes evaluating the damages suffered by the minor, the adequacy of the settlement, the proposed apportionment and manner of distribution of the settlement proceeds, and the amount of attorney's fees charged by the plaintiff's attorney. *Id*. (stating that guardian

ad litem appropriately participated in the settlement conference, reviewed the evidence, examined the legal issues and consulted with the minor and her parents). "It is not necessary or appropriate for a guardian ad litem to review discovery motions and depositions and to participate in pretrial discovery and hearings without regard to their relevance, or irrelevance, to the potential conflict of interest regarding the settlement proceeds." *Jocson*, 196 S.W.3d at 308 (citing TEX. R. CIV. P. 173.4 and *Goodyear*, 151 S.W.3d at 584).

Appellee specifically testified that he reviewed all documents, correspondence, depositions, and pleadings in the underlying case to fulfill his role as guardian ad litem in the case. He testified that it was a complex medical malpractice case that required his full understanding to be sure the minor was getting the best possible resolution in the matter. Review of appellee's billing records indicates that appellee had telephone conferences, reviewed correspondence, pleadings, medical records, and depositions, attended two mediations, attended trial court proceedings, reviewed the settlement agreement, and created a trust for the minor upon settlement. As testified to by appellee, he billed in full one-hour increments for the work performed in this matter, meaning no task performed took less than one hour of his time, even menial tasks, such as reviewing a certificate from a court reporter. While appellee testified that it was his duty as guardian ad litem to review everything in the case and be fully aware of all of the details of the case to protect the minor's interests, it was not his responsibility to do so.

> [T]he responsibility of the guardian ad litem as prescribed by the rule is very limited, and no reason exists for the guardian ad litem to participate in the conduct of the litigation in any other way or to review the discovery or the litigation file except to the limited extent that it may bear on the division of

settlement proceeds. A guardian ad litem may, of course, choose to review the file or attend proceedings when it is unnecessary, but the guardian ad litem may not be compensated for unnecessary expenses or services.

TEX. R. CIV. P. 173.7 cmt. 3. "Because the role of guardian ad litem is limited in all but extraordinary situations, and any risk that might result from services performed is also limited, compensation, if any is sought, should ordinarily be limited." *Id*. R. 173.7 cmt. 7. As stated by our sister court

> [I]t is not reasonable or necessary for a guardian ad litem to attend or review every deposition, or to review and bill time for every motion and pleading filed in a case, without regard to its relevance to the ad litem's minor. A guardian ad litem's review of discovery documents and pleadings should be guided, and constrained, by what is reasonable and necessary to prepare for mediation and evaluate a potential settlement from his minor's perspective. We acknowledge that it is necessary and appropriate for a guardian ad litem to review the live liability-related pleadings and discovery materials related to his particular minor in order to be able to evaluate the value of the minor's claim and any potential settlement offer; however, as a rule, it is not necessary or appropriate for a guardian ad litem to review all discovery motions and depositions and to participate in all pre-trial, discovery and sanctions hearings without regard to their relevance, or irrelevance, to the minor's interests.

*Goodyear*, 151 S.W.3d at 584 (internal citations omitted).

Activities outside the scope of the guardian ad litem's duties are not compensable, nor are activies that are unnecessary. *See id*. at 586; TEX. R. CIV. P. 173.7 cmt. 3. While the trial court significantly reduced the amount of fees from those requested by appellee by more than half, we note that in awarding $100,000 in guardian ad litem fees, the trial court necessarily concluded that appellee performed 333.33 hours at his requested rate of $300 per hour.[2] Our review of the evidence in support of the trial court's findings is

---

[2] We note that appellee, in his appellate brief, argues that appellants should have requested findings of fact and conclusions of law and did not do so in this case. However, as appellants argued in their reply brief, findings of fact and conclusions of law are not required. A party is not entitled to findings

hampered by the lack of any explanation of the particular hours cut from the ad litem's bill and the reasoning behind the trial court's reductions. In most instances, we simply cannot reconcile the fee awarded with the ad litem's billing statement, and thus cannot determine whether clearly non-recoverable hours were in fact excluded or compensated. Accordingly, we reverse and remand to the trial court for a determination of the guardian ad litem fees in accordance with this opinion. *See Goodyear*, 151 S.W.3d at 591–92.

We sustain appellants' issue as it relates to the award of $100,000 in guardian ad litem fees.

## III.    CONCLUSION

We reverse and remand to the trial court for a determination of the guardian ad litem fees in accordance with this opinion.

NORA L. LONGORIA
Justice

Delivered and filed on the
26th day of August, 2021.

---

and conclusions in every case, and when a trial court makes a discretionary decision, the trial court can, but is not required to issue findings of fact and conclusions of law. *See Guardianship of Alford*, 596 S.W.3d 352, 358–59 (Tex. App.—Texarkana 2020, no pet.) (concluding that the trial court did not err in failing to issue findings and conclusions regarding its award of ad litem fees because the award was discretionary, and thus findings and conclusions were not required).