**LAND ROVER U.K., LTD., Land Rover North America, Inc., Ford Motor Company, and Gunn Infinity, Inc., d/b/a Gunn Range Rover, Petitioners,**

v.

**Juan J. HINOJOSA, Respondent.**

**No. 04–0794.**

Supreme Court of Texas.

Dec. 15, 2006.

Craig A. Morgan, Philip A. Lionberger, Office of the Attorney General, Austin, Jaime A. Saenz, Rodriguez, Colvin Chaney & Saenz, L.L.P., Alison Kennamer, Rodriguez, Colvin & Chaney, L.L.P., Brownsville, Michael W. Eady, Juan Alcala, Thompson, Coe, Cousins & Irons, L.L.P., Corpus Christi, for Petitioners.

Juan J. Hinojosa, Hinojosa & Powell, P.C., McAllen, pro se.

Mikal C. Watts, Michael Matthew Guerra, Alex M. Miller, Watts Law Firm, L.L.P., San Antonio, for interested parties Ronald Allan Hirn.

PER CURIAM.

Ronald Hirn, his wife Dawn, and their two young sons, Ryan and Tyler, were injured in a rollover accident in the family's 1995 Land Rover Discovery. Ronald, Dawn, and Tyler survived, but Ryan did not. The Hirns sued the vehicle manufacturer, Land Rover U.K., Ltd. and Land Rover North America, Inc.; the parent company of the manufacturer, Ford Motor Company; and the dealership, Gunn Infinity, Inc. d/b/a Gunn Range Rover (collectively Land Rover). The Hirns also sued the tire manufacturer, Continental General Tire, Inc., and the tire retailer, The Tire Corral, Inc. (collectively Continental). Ronald and Dawn brought individual claims as well as claims on behalf of Ryan's estate and Tyler.

As the plaintiffs negotiated a settlement with Continental, the parties recognized a probable conflict of interest between the parents and Tyler. The trial court granted an agreed motion to appoint a guardian ad litem and appointed Juan Hinojosa. As part of its settlement with the plaintiffs, Continental paid Hinojosa $45,000 for his work as guardian ad litem.

A few months later, the trial court held a hearing to finalize the Hirns' settlement with Land Rover. Hinojosa requested $100,000 for his work as guardian ad litem. Land Rover argued that $100,000 was excessive and offered Hinojosa $25,000. The court entered a judgment requiring Land Rover to pay Hinojosa $100,000 in fees. The trial court denied Land Rover's motion to modify, reform, or correct the judgment. Land Rover appealed, arguing that the trial court abused its discretion in awarding Hinojosa excessive guardian ad litem fees. The court of appeals affirmed, and Land Rover petitioned this Court for review. We reverse the judgment of the court of appeals and remand the case to the trial court to reconsider Hinojosa's fee in light of this opinion.

The applicable version of Texas Rule of Civil Procedure 173 states that when a minor "is represented by a next friend or guardian who appears to the court to have an interest adverse to such minor, ... the court shall appoint a guardian ad litem for such person and shall allow him a reason-

able fee for his services to be taxed as a part of the costs." TEX.R. CIV. P. 173 (1943, amended 2005). On January 27, 2005, this Court revised Texas Rule of Civil Procedure 173, effective February 1, 2005. *Id.* Although the revisions to Texas Rule of Civil Procedure 173 clarify the role of guardians ad litem, the role was defined well before the revisions.

■ A guardian ad litem is not an attorney for the child but an officer appointed by the court to assist in protecting the child's interests when a conflict of interest arises between the child and the child's guardian or next friend. *Am. Gen. Fire & Cas. Co. v. Vandewater,* 907 S.W.2d 491, 493 n. 2 (Tex.1995); *see also Jocson v. Crabb,* 133 S.W.3d 268, 271 (Tex.2004); *Garcia v. Martinez,* 988 S.W.2d 219, 222 n. 2 (Tex.1999). As the personal representative of a minor, a guardian ad litem is required to participate in the case only to the extent necessary to protect the minor's interest and should not duplicate the work performed by the plaintiff's attorney. *See Jocson,* 133 S.W.3d at 270–71; *Vandewater,* 907 S.W.2d at 493 n. 2; *see also* TEX.R. CIV. P. 173 cmt. 3. If a guardian ad litem performs work beyond the scope of this role, such work is non-compensable. *See Brownsville–Valley Reg'l Med. Ctr., Inc. v. Gamez,* 894 S.W.2d 753, 756–57 (Tex.1995) (holding the guardian ad litem may not recover fees for post-judgment services because they were not necessary to representing the minor and they duplicated duties imposed on the trustee and the minor's parents).

■ An appointed guardian ad litem may request a reasonable fee for services performed. TEX.R. CIV. P. 173 (1943, amended 2005); *see also* TEX.R. CIV. P. 173.6(a) (stating that a guardian ad litem "may be paid a reasonable hourly fee" upon request). The amount of the guardian ad litem's fee is left to the trial court's

discretion and will not be overturned absent evidence that the trial court abused its discretion. *Garcia,* 988 S.W.2d at 222; *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 794 (Tex.1987). To determine a reasonable fee for a guardian ad litem's services, a trial court applies the factors used to determine the reasonableness of attorney's fees. *Garcia,* 988 S.W.2d at 222. These factors include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

■ *Id.* (citing *Arthur Andersen v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex. 1997) (quoting TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b), *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G app. A (TEX. STATE BAR R. art. X, § 9))). To apply these factors, a reviewing court "may draw upon the common knowledge of the justices and their experience as lawyers and judges to view the matter in light of the evidence and the amount in controversy." *Borden, Inc. v. Martinez,* 19 S.W.3d 469, 471 (Tex.

App.-San Antonio 2000, no pet.); *see generally Garcia,* 988 S.W.2d 219; *Gamez,* 894 S.W.2d 753.

■ A reasonable hourly rate multiplied by the number of hours spent performing necessary services within the guardian ad litem's role yields a reasonable fee. *See Garcia,* 988 S.W.2d at 222. Additional sums are rarely appropriate, particularly since the guardian ad litem serves, in part, as an advisor to the court and will enjoy the protection of qualified judicial immunity. *See* Tex.R. Civ. P. 173 cmt. 5. For example, in *Garcia,* we held that the trial court abused its discretion in ordering payment of a fee in excess of the product of the hours spent and the hourly fee supported by the testimony using the *Andersen* factors. 988 S.W.2d at 222–23 (rejecting the argument that the guardian ad litem's fee must reflect a proportion of the settlement amount absent an agreement to that effect). Similarly, in *Alford v. Whaley,* the court of appeals concluded that the hourly fee to which the guardian ad litem testified "encompassed all of the factors to be considered in determining whether a fee is reasonable" and held that the guardian ad litem was not entitled to an additional fee over the product of number of hours worked and the hourly rate. 794 S.W.2d 920, 925–26 (Tex.App.-Houston [1st Dist.] 1990, no writ).

Hinojosa relies on his testimony at the hearing finalizing the Hirns' settlement with Land Rover to support the reasonableness of his fee. He testified that his experience and reputation as an attorney and a state legislator command a substantial fee. He explained that this case was one of the most complex product liability cases that he had ever seen and that evaluating whether the unique settlement terms were in his client's best interest required specialized knowledge and experience. Hinojosa opined that although the "settle-ment amount by Land Rover was somewhat low" his services benefitted his client because Land Rover agreed to provide Ronald Hirn with assurances that Land Rover would investigate the design to the fuel system.

Hinojosa explained that he earns a fee of between $300 and $500 per hour for his legal work and sought his top hourly rate in this case. He also claimed that he turned down other cases while representing Tyler: a $75,000 non-refundable retainer in a pharmaceutical case and a $50,000 fee for a case in Starr County.

Hinojosa described the work he performed in his capacity as Tyler's guardian ad litem. He testified that he received about six to eight inches of new mail related to the case each week and that he "had to review all of it." Hinojosa said that he talked to someone from the plaintiffs' lawyer's office almost every day "to discuss strategy and prepare for trial." Specifically, he helped engineer a trial strategy to address the "empty chair" of the settling defendant, Continental.

Hinojosa did not keep detailed time records. He estimated that after the Continental settlement, he spent ten hours per week for fifteen weeks representing Tyler's interests, or between 140 and 150 hours total. At a billing rate of $500 per hour, he testified that the total hourly fee was between $70,000 and $75,000. Hinojosa testified that $100,000 included compensation for other cases he had to refuse.

■ Hinojosa requested the product of his estimated hours expended and his hourly rate, $75,000, plus an additional $25,000 because he declined guaranteed retainers for two other cases. Prior to the revisions to Texas Rule of Civil Procedure 173, if service as a guardian ad litem continued for an extended period of time and substantially interfered with the guardian

ad litem's usual practice, an additional amount might be appropriate. But absent exceptional circumstances not present here, a court should not enhance the fee calculated by multiplying necessary number of hours expended by a reasonable hourly rate.

■ In addition, some of the time Hinojosa testified he included in his 150–hour estimate was not compensable. Hinojosa's testimony makes it clear that he was providing extensive advice to the plaintiffs' attorney that was beyond the formal role of a guardian ad litem, including almost daily consultations about trial strategy. Such services may indeed benefit a minor, but they are within the duties of the lawyer representing the minor in the litigation and not additional fees to be assigned as costs payable to a guardian ad litem. *See Gamez*, 894 S.W.2d at 756–57; *see also* Tex.R. Civ. P. 173.4(d) (specifying the limitations of a guardian ad litem's participation). This time should not have been included in Hinojosa's estimation of time spent serving as guardian ad litem. Finally, although written billing records may not be required in every case, they are quite helpful in considering the fee.

We conclude that $100,000 is not a reasonable fee for the services Hinojosa provided as guardian ad litem. Accordingly, under Texas Rule of Appellate Procedure 59.1, we grant Land Rover's petition for review, and, without hearing oral argument, we reverse the court of appeals' judgment and remand this cause to the trial court to reconsider the amount of the guardian ad litem fee that was taxed against Land Rover.