OPINION



No. 04-07-00749-CV



MAGNA DONNELLY CORPORATION, Magna Closures, Inc., 

and Intier Automotive, Inc.,

Appellants



v.



Maricella DELEON, Individually, as Representative of the Estate of Rudy Leija, Deceased, and
as Next Friend of Daniel Leija, Miguel Leija, and Clarissa Leija, Minor Children, 

Andres Leija, Individually, and Angie Bermea, Individually,

Appellees



From the 81st Judicial District Court, Frio County, Texas


Trial Court No. 06-01-00011-CVF-A


Honorable Donna S. Rayes, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Alma L. López, Chief Justice

 Phylis J. Speedlin, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: June 4, 2008 


REVERSED; REMANDED IN PART; RENDERED IN PART

 Appellants challenge the trial court's award of $3,000 in fees to each of three guardians ad 
litem appointed to represent the interests of the minor children. We reverse all of the awards, render
judgment that one guardian ad litem is not entitled to any compensation, and remand to the trial court
for further proceedings as to reasonable and necessary compensation for two of the guardians ad
litem.

Background

 Rudy Leija suffered fatal injuries in a single vehicle rollover accident in 2005. His wife,
Maricella DeLeon, individually and as representative of her husband's estate, and as next friend of
their three minor children--Clarissa, Daniel, and Miguel--sued Ford Motor Company, Gillespie
Ford, and several suppliers of parts for the vehicle's door latch system. (1) Ultimately, a settlement was
reached with the suppliers, Magna Donnelly Corporation, Magna Closures, Inc., and Intier
Automotive, Inc. (collectively referred to as "the Suppliers"). Prior to seeking the district court's
approval of the settlement agreement, DeLeon requested the appointment of guardians ad litem to
represent the interests of her three minor children. The trial court granted the application and
appointed three guardians ad litem, Sylvia Rodriguez, Grady L. Roberts, Jr., and James Sindon, one
for each minor plaintiff. 

 Approximately three weeks later, Rodriguez and Roberts appeared on behalf of their
respective minor clients at the hearing to approve the settlement. Both asserted that the proposed
settlement was in the best interests of their minor clients, and requested ad litem fees of $5,000 as
a reasonable and necessary amount for the services they performed. Neither Rodriguez nor Roberts
filed a verified application for compensation, but both testified. Rodriguez, who represented 5 year-old Daniel, testified that her hourly rate is at least $250 per hour and she spent 10 hours reviewing
documents and speaking with the Plaintiffs' attorney, Mark Cantu, and two hours visiting with her
client's mother. Roberts, who represented 17 year-old Clarissa, testified that his hourly rate is $250
per hour and he also looked through the whole file, talked to Cantu and the other ad litems, and
visited for one hour with Clarissa and her mother - for a total of 12 to15 hours spent on the matter. 
Sindon did not appear at the hearing or file an application for compensation; according to DeLeon,
he did not meet with her or 4 year-old Miguel. Rodriguez and Roberts, however, testified that they
had discussed compensation with Sindon and that he joined them in requesting $5,000. At the
conclusion of the hearing, the trial court approved the settlement agreement and ordered the
Suppliers to pay $3,000 in compensation to each of the guardians ad litem. (2) This appeal followed. 
The Suppliers argue that (1) the fee awarded to each of the three court-appointed guardians ad litem
is excessive and not supported by factually and legally sufficient evidence, and (2) the trial court
abused its discretion by appointing three separate guardians ad litem in violation of Texas Rule of
Civil Procedure 173.2(b). We will discuss each argument in turn. 

Standard of Review

 A guardian ad litem must be appointed for a minor party when a conflict of interest exists
between the child and the child's guardian or next friend. Tex. R. Civ. P. 173.2(a). Once appointed,
a guardian ad litem acts as both an officer and advisor to the court. Tex. R. Civ. P. 173.4(a). When
a settlement of the child's claim is proposed, a guardian ad litem has "the limited duty to determine
and advise the court whether the settlement is in the party's best interest." Tex. R. Civ. P. 173.4(c). 
As the personal representative of the minor, a guardian ad litem may seek reasonable compensation
for necessary services performed. Tex. R. Civ. P. 173.6(a). "A reasonable hourly rate multiplied
by the number of hours spent performing necessary services within the guardian ad litem's role
yields a reasonable fee." Land Rover U.K., Ltd., v. Hinojosa, 210 S.W.3d 604, 608 (Tex. 2006) (per
curiam). Because the guardian ad litem has a limited role, not all litigation services are necessary
or required. Id. at 607 (guardian ad litem may not recover fees for services that duplicate work
performed by plaintiff's attorney); Brownsville-Valley Reg'l Med. Ctr., Inc. v. Gamez, 894 S.W.2d
753, 756-57 (Tex. 1995) (guardian ad litem may not recover fees for services that duplicate duties
imposed on the trustee and the minor's parents). "If a guardian ad litem performs work beyond the
scope of this role, such work is non-compensable." Land Rover U.K., 210 S.W.3d at 607. We review
a guardian ad litem fee award under an abuse of discretion standard based on the sufficiency of the
evidence that the fee was reasonable and necessary. Id.; Garcia v. Martinez, 988 S.W.2d 219, 222
(Tex. 1999) (per curiam). A trial court abuses its discretion in "ordering payment of a fee in excess
of the product of the hours spent and the hourly fee supported by the testimony using the Andersen
factors." Land Rover U.K., 210 S.W.3d at 608 (referencing Arthur Andersen & Co. v. Perry Equip.
Corp., 945 S.W.2d 812, 818 (Tex.1997)). 

Discussion

 The Suppliers first argue that the guardians ad litem had a mandatory obligation to file a
verified application detailing the basis for the compensation requested, citing Texas Rule of Civil
Procedure 173.6(b). The Suppliers contend that in the absence of a procedurally correct request, the
trial court abused its discretion in awarding any compensation. We disagree that the rule imposes
such a mandatory obligation. Rule 173.6(b) provides in pertinent part:


 At the conclusion of the appointment, a guardian ad litem may file an
application for compensation. The application must be verified and
must detail the basis for the compensation requested. Unless all
parties agree to the application, the court must conduct an evidentiary
hearing to determine the total amount of fees and expenses that are
reasonable and necessary. 


Tex. R. Civ. P. 173.6(b). Based on the clear language of the rule, a guardian ad litem "may file" a
detailed application at the conclusion of the appointment. If the fee application is agreed to by all
parties, the court may determine reasonable and necessary fees and expenses without the necessity
of an evidentiary hearing. Tex. R. Civ. P. 173.6(b). Contrary to imposing a mandatory obligation,
the rule instead allows a guardian ad litem to avoid the necessity of an evidentiary hearing on the issue
of compensation when a sufficiently detailed application is filed that yields an agreement among the
parties. Here, a verified application for compensation was not required or filed by the guardians ad
litem. Accordingly, the trial court properly conducted an evidentiary hearing on the issue of
reasonable compensation.

 Next, the Suppliers argue the trial court abused its discretion by awarding Rodriguez and
Roberts compensation for tasks that were more appropriately performed by the children's attorney. 
Specifically, the Suppliers point to testimony by Rodriguez that she spent approximately ten hours
locating and reviewing the "very, very lengthy file," placing several calls to the Plaintiffs' attorney
"to figure out what had happened," and speaking with the other ad litems "regarding the rest of the
children." Additionally, she spent two hours meeting with her minor client, Daniel, and his mother.
During this meeting, Rodriguez testified she discussed with Daniel's mother, among other things, "the
judgment, the motion to discover, and the effect of the release forms." Rodriguez stated, "I wanted
to make sure that she totally understood what was going on. I'm sure that Mr. Cantu had explained
it to her, but once again, it was my job as the attorney ad litem for Daniel to make sure that [Ms.
DeLeon] understood." The Suppliers also point to similar testimony by Roberts that he spent 12 to
15 total hours reviewing the "whole file," including discovery, pleadings, and correspondence; talking
to the Plaintiffs' attorney or his office "a number of times;" discussing the matter with the other two
ad litems; and meeting with his client, Clarissa, and her mother on one occasion for approximately
one hour, at which time he warned Clarissa about the hazards of spending her money quickly. Based
on this testimony, the Suppliers argue that Rodriguez and Roberts took on tasks that were more
appropriately performed by the children's attorney, thereby exceeding their limited role as guardians
ad litem. We agree.

 Because none of the guardians ad litem introduced written billing records, we must look to
their testimony. See Land Rover U.K., 210 S.W.3d at 609 (noting that while written billing records
may not be required, they are "quite helpful in considering the fee"). Here, the record before the trial
court showed that both Rodriguez and Roberts spent the great majority of their time obtaining and
reviewing the "lengthy" case file. Neither clarified exactly what was reviewed within the file, or why
such an extensive review was necessary in light of the fact that none of the three children had pending
claims for personal injuries. Moreover, the record is devoid of any proof of the particular legal
services, if any, that were rendered by Rodriguez and Roberts to evaluate the appropriateness and
fairness of the proposed settlement with respect to their minor clients. Tex. R. Civ. P. 173 cmt. 3 ("no
reason exists for the guardian ad litem to participate in the conduct of the litigation . . . or to review
the discovery or the litigation file except to the limited extent that it may bear on the division of
settlement proceeds"). What the record does reflect is that all three minors received identical
settlement amounts of $18,000 for the alleged wrongful death of their father. Furthermore, there is
affirmative testimony in the record that Rodriguez duplicated at least some of the work performed by
the Plaintiffs' attorney. Specifically, Rodriguez testified she discussed settlement documents with
her client's mother although she was "sure that Mr. Cantu had explained it to her." As noted by our
Supreme Court, advice that duplicates the duties of the lawyer representing the minor in the litigation,
and extends beyond the formal role of a guardian ad litem, is not compensable to a guardian ad litem
even though it may indeed benefit the minor. Land Rover U.K., 210 S.W.3d at 609 (citing Gamez,
894 S.W.2d at 756-57). Because the record reflects that the ad litem fees awarded to Rodriguez and
Roberts are predicated, at least in part, on tasks that were not compensable because they were either
unnecessary or fell outside the limited scope of a guardian ad litem's role, we conclude that the trial
court abused its discretion in awarding $3,000 in guardian ad litem fees to both Rodriguez and
Roberts. See id. 

 Furthermore, there is no evidence in this record to support the $3,000 fee awarded to Sindon.
A guardian ad litem fee is not automatic. Tex. R. Civ. P. 173.6(a) (guardian ad litem may be paid a
reasonable hourly fee for necessary services performed). The burden of proof falls on the guardian
ad litem to establish that such fees are reasonable and necessary. Id.; Stewart Title Guar. Co. v.
Sterling, 822 S.W.2d 1, 10 (Tex. 1991) (burden of proof is on party seeking recovery of attorney's
fees); Goodyear Dunlop Tires N. Am., Ltd. v. Gamez, 151 S.W.3d 574, 583 (Tex. App.--San Antonio
2004, no pet.) (burden falls on ad litem, not the parties, to restrict actions to those necessary to
guardian ad litem's limited role). Here, Sindon did not file a verified application for compensation,
and did not appear and testify at the evidentiary hearing. There is absolutely no evidence in this
record of Sindon's hourly rate or the amount of time, if any, he spent in his role as a guardian ad litem
on behalf of 4 year-old Miguel. Accordingly, Sindon failed to carry his burden in order to obtain
compensation under Rule 173.6. A trial court abuses its discretion in awarding guardian ad litem fees
if there is no evidence or insufficient evidence to support the fee award. See Garcia, 988 S.W.2d at
222.

 Finally, the Suppliers argue the trial court abused its discretion by appointing three guardians
ad litem in violation of the plain language of Rule 173.2(b), which states that "[t]he court must
appoint the same guardian ad litem for similarly situated parties unless the court finds that the
appointment of different guardians ad litem is necessary." Tex. R. Civ. P. 173.2(b) (emphasis added). 
The Suppliers assert that all three minor children were similarly situated, and because the trial court
made no contrary finding, it abused its discretion in appointing more than one ad litem, resulting in
needless duplication of work and a three-fold increase in guardian ad litem compensation. In
response, Rodriguez, Roberts, and Sindon argue that the Suppliers failed to preserve error by not
raising a specific and timely objection to the appointment of three ad litems in the trial court. We
agree with the guardians ad litem. 

 A review of the record reveals that the Suppliers did not object to the appointment of multiple
guardians ad litem, either at the time DeLeon initially requested the appointments for her three minor
children or during the settlement hearing. Rule 173 expressly contemplates a trial objection to the
appointment of a guardian ad litem, and provides the right to seek the extraordinary remedy of
mandamus review of an order appointing a guardian ad litem. See Tex. R. Civ. P. 173.3(c), 173.7(a). 
Therefore, the rule clearly envisions a prompt resolution of issues surrounding the appointment of a
guardian ad litem - while the action is pending. Moreover, a timely and specific trial objection that
provides the trial court with an opportunity to cure the error is generally a prerequisite to presenting
a complaint on appeal. Tex. R. App. P. 33.1(a). Here, the Suppliers raised their objection to the
appointment of multiple ad litems for the first time in their post-judgment motion for new trial. The
overruling by operation of law of a motion for new trial preserves a complaint raised in the motion
for appellate review only if the taking of evidence was not necessary to properly present the complaint
in the trial court. Tex. R. App. P. 33.1(b). By failing to raise a timely objection before entry of
judgment, the Suppliers failed to make the trial court aware of their contention that the three minors
were similarly situated, and failed to develop evidence in support of that contention. Accordingly,
the Suppliers have not properly preserved this issue for appeal. 

Conclusion 

 Based on our review of the record, we conclude, as detailed above, that the trial court abused
its discretion in awarding $3,000 in guardian ad litem fees to both Rodriguez and Roberts because
the record contains insufficient evidence to support the awards, and in awarding $3,000 to Sindon
because the record is devoid of any evidence to support the reasonableness or necessity of such a fee. 
Accordingly, we reverse the awards of guardian ad litem fees to Rodriguez and Roberts, and remand 
to the trial court to reconsider the amount of reasonable and necessary fees for Rodriguez and Roberts,
if any, in accordance with this opinion. As to Sindon, we reverse the award of a guardian ad litem
fee, and render judgment that Sindon is not entitled to any compensation. 


 Phylis J. Speedlin, Justice


1. Plaintiffs' First Amended Original Petition sought wrongful death and survival damages on behalf of the
minors. DeLeon did not include a damages claim for any personal injuries sustained by the two children, Daniel and
Miguel, who were in the vehicle at the time of the accident. 
2. The trial court also granted a joint motion to sever Plaintiffs' causes of action against the Suppliers from the
remaining claims against the other defendants.