

**NUMBER 13-09-00153-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**FORD MOTOR COMPANY,**                                   **Appellant,**

**v.**

**RICHARD H. GARCIA,**                                     **Appellee.**

---

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Memorandum Opinion by Justice Benavides

This is an appeal from an order requiring appellant, Ford Motor Company ("Ford"), to pay the guardian ad litem fees of appellee, Richard H. Garcia, in the amount of $28,260. In this case, Garcia was appointed guardian ad litem, without objection, for the incapacitated plaintiff Jesus Gonzalez in the underlying personal injury action. All the claims in this case were settled by the parties and accepted in the final judgment of the court below, leaving only the issue of compensation for the guardian ad litem on appeal.

At a hearing before the trial judge, Ford contended that the requested fees were not reasonable under the Texas Rules of Civil Procedure, which provide that "[i]f a guardian ad litem requests compensation, he or she . . . may be paid a *reasonable* hourly fee for *necessary* services performed." *See* TEX. R. CIV. P. 173.6(a) (emphasis added). Over its objection, Ford was ordered to pay the full amount of Garcia's fees.

Ford now argues on appeal that the trial court abused its discretion by ordering payment of Garcia's fees because: (1) Garcia failed to show evidence that the tasks he performed were relevant to the purpose for which he was appointed; (2) a substantial portion of the billed tasks were performed by unidentified individuals on Garcia's staff, for whom it is impossible to determine a reasonable hourly rate; and (3) Garcia did not present any evidence to show the actual number of hours he or his staff spent to perform any of the tasks charged on his invoice. We affirm.

## I. BACKGROUND

Jesus Gonzalez suffered a brain injury when his son's Ford Truck rolled over on Interstate Highway 45. His wife, Ramona, brought the underlying personal injury action against Ford as his guardian, along with claims on her own behalf. The parties reached a confidential settlement agreement on the underlying claims, but in order to finalize the settlement, counsel for the plaintiffs filed an unopposed motion requesting that a guardian ad litem be appointed to protect Jesus's interests. Garcia was appointed in this capacity. Following this appointment, the trial court held a hearing to determine if the settlement was in Jesus's best interest. The court found that it was in his best interest, but deferred signing the judgment until Garcia's fees could be determined. The entire amount of time that elapsed from Garcia's appointment to the court's final determination on the settlement was 10 days.

2

In a hearing on February 18, 2009, the trial court heard evidence and considered Garcia's compensation. At this hearing, Garcia provided the trial court with an invoice in which he listed activities that he had performed in his role as guardian ad litem. Based on that invoice and Garcia's testimony, the trial court ordered the full amount of Garcia's fees, $28,260, to be included in the court costs charged to Ford. *See* TEX. R. CIV. P. 173.6(c) ("The Court may tax a guardian ad litem's compensation as costs of court."). Ford now appeals to this Court. *See* TEX. R. CIV. P. 173.7(a) ("Any party and a guardian ad litem may appeal an order awarding the guardian ad litem compensation.").

## II. DISCUSSION

### A. Standard of Review

We review an award of compensation to a guardian ad litem for an abuse of discretion. *See, e.g.*, *Land Rover U.K., Ltd. v. Hinojosa*, 210 S.W.3d 604, 608 (Tex. 2006) (per curiam). An award of compensation "is in the trial court's sound discretion, and will not be set aside absent evidence that the trial court clearly abused its discretion." *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). The test for abuse of discretion does not concern whether this Court would have found differently if placed in the position of the trial court, but rather, whether the trial court's decision was "arbitrary, unreasonable, and without reference to guiding principles." *Mecedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996); *see also* W. Wendell Hall, *Standards of Review in Texas*, 38 ST. MARY'S L.J. 47, 60-63 (2006) (citing dozens of cases using an identical standard of review). In making a factual determination, the trial court may base its decision on conflicting or otherwise questionable evidence without abusing its discretion and only abuses its discretion if there is no evidence whatsoever to support its decision. *WCM Group, Inc. v. Brown*, 305 S.W.3d 222, 229 (Tex. App.–Corpus Christi 2009, pet. dism'd by agr.). If the

3

trial court made its determination based on some reasonable basis and used some guiding principles, it necessarily acted within its permissible discretion, and we must affirm. *See id.*

**B.     Applicable Law**

In determining a reasonable fee for a guardian ad litem's services, a trial court should employ the factors used to determine the reasonableness of attorney's fees. *Land Rover*, 210 S.W.3d at 607; *Garcia*, 988 S.W.2d at 222. If these factors form the basis of the trial court's decision, then it clearly was employing a set of standard guiding principles. These factors include:

> (1)     the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2)     the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3)     the fee customarily charged in the locality for similar legal services;
>
> (4)     the amount involved and the results obtained;
>
> (5)     the time limitations imposed by the client or by the circumstances;
>
> (6)     the nature and length of the professional relationship with the client;
>
> (7)     the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8)     whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at 607. Moreover, in calculating the guardian ad litem fee, a simple formula can be employed: "A reasonable hourly rate multiplied by the number of hours spent performing necessary services within the guardian ad litem's role yields a reasonable fee." *Id*. at 608.

**C.     Ford's Issues on Appeal**

Ford argues three distinct evidentiary insufficiencies that it claims require this Court

4

to find an abuse of discretion. In determining whether an abuse of discretion occurred in each of these issues, it is imperative to note that this Court is instructed by the Supreme Court of Texas to "draw upon the common knowledge of the justices and [our] experience as lawyers and judges to view the matter in light of the evidence and the amount in controversy." *Id*. at 607.

By its first issue, Ford contends that there was no evidence to show that the tasks that Garcia performed were relevant to the purpose for which he was appointed. We disagree. It is quite true that a guardian ad litem is appointed only in a limited role in all but exceptional circumstances and is prevented from receiving compensation for the performance of activities that fall outside that limited role. *See generally* TEX. R. CIV. P. 173. Ford argues that many of the documents that were listed as "Received and Reviewed" on Garcia's invoice were beyond the scope of the purpose of his appointment, and therefore, he should not be compensated for reviewing those documents. The trial court, however, heard testimony specifically concerning the billing of many of these documents, which almost uniformly led to an exchange similar to the following:

> Q:     Okay . . . . Why would you review that?
>
> A:     Because I received it, and I looked [at it] and read every document that I received in connection with this case.
>
> Q:     Is that your understanding, that you're supposed to review every document that was provided to you?
>
> A:     That's what I do as an attorney.

This testimony was enough for the trial court to find that it would be "negligent on the part of any lawyer not to go back and look at the first original petition, the amended petitions, [etc.] because by their very nature, they were amended for a reason." The testimony convinced the court, "that it is part of the duty of an ad litem to go back and see that

5

perhaps his ward wasn't left out in any of these [documents]." Here, the trial court had at least some reasonable basis to believe that all of the documents reviewed were relevant to Garcia's appointment and that reviewing those documents was necessary to perform his duty as a guardian ad litem. Therefore, we overrule Ford's first issue.

As Ford notes in its briefs, the Supreme Court of Texas has reversed compensation awards for guardians ad litem when their billed tasks fall outside the limited role prescribed by Rule 173, but none of those instances involved the simple reviewing of documents, and thus, we find the holdings in those cases to be inapplicable to the facts of this case. *See Land Rover*, 210 S.W.3d at 609 (reversing the award because it included compensation for clients that were refused because of the appointment, as well as for non-compensable time billed for assisting the plaintiff's counsel); *Brownsville-Valley Regional Medical Ctr. v. Gamez*, 894 S.W.2d 753, 757 (Tex. 1995) (reversing the award because it included services provided post-judgement, after the appointment was effectually terminated).

By its second issue, Ford argues that the trial court abused its discretion by ordering payment of fees for services that were performed by people other than Garcia himself because these people were unidentified in the invoice, and there was no evidence to show a reasonable hourly rate for anyone other than Garcia. Here again, we look for any evidence on which the trial court could have reasonably based its order. The trial court specifically referenced several of the reasonableness factors as a reason for its decision, noting that it was taking into account, "the complexity of a case such as this," "a reduction in [Garcia's] hourly billable rate of $500 down to 300," and the practical ability of making a proper recommendation to the court "on a short timeline . . . [of] 10 days." Based on the evidence heard on each of these factors, the court could have determined that the fee was reasonable, despite the anonymity of the other individuals on Garcia's staff. Moreover, the

6

court specifically heard evidence that in addition to Garcia, Isaac Tawil, Garcia's colleague and legal counsel during the hearing, spent a substantial amount of time reviewing and talking with Garcia about the case, and also noted other individuals, with whom the court was familiar, that were known to have worked on the case. This testimony gave the trial judge at least some indication as to the identity of the other attorneys for whom Garcia was billing, and based on this testimony, the judge could have determined the fee was reasonable. The court noted, "we have a reduction in an hourly billable rate of $500 down to 300, which I can only surmise . . . is because there were other lawyers that perhaps cannot command the $500 per hour fee because of the lack of experience [when compared to Garcia]."[1] We believe there was sufficient evidence to find that the rate charged for other "unidentified" people was reasonable, and therefore, we overrule Ford's second issue.

By its third issue, Ford argues that the trial court abused its discretion because there was no evidence showing the amount of time that Garcia or his staff actually spent on each of the sixty-five tasks that were listed on his invoice. The invoice itself does not list the time expended on each task, nor the total amount of hours billed, but the trial court heard testimony that we believe is sufficient to support its order. It heard testimony that the billing rate was $300 per hour and that the total amount billed was $28,260. When divided out, this means that Garcia billed for a total of 94.2 hours. When the total number of hours billed is mathematically determinable in this way, the trial court need not hear direct

[1] Garcia's testimony at the hearing indicated that, before his appointment as guardian ad litem in this case, he practiced law for nearly thirty-five years, sat as a county court at law judge for sixteen years, and held other public positions including municipal court judge, county judge of Hidalgo County, Texas, mayor of the City of Edinburg, Texas, and Commissioner of the Texas Adult Probation Commission. It also indicated that Garcia had experience in ad litem proceedings, both in presiding as a judge, and serving as a guardian and attorney ad litem in courts across South Texas.

7

evidence of the total number of hours billed.  Rather, because the trial court individually considered both the total fee and each individual task listed on Garcia's invoice, we can assume that the trial court computed the total number of hours being billed and, thereafter, referenced the invoice to determine if it was a reasonable number of hours to complete the sixty-five tasks listed.  *Cf. Lesikar v. Moon*, 237 S.W.3d 361, 376-77 (Tex. App.–Houston [14th Dist.] 2007) (upholding an award of attorney's fees despite the fact the attorney "was not able break down in detail how much time was spent attending each hearing or preparing each pleading").  After noting that the invoice clearly did not contain dates or times, the trial court noted that "it could have been better documented, certainly.  But to go back and document would, of course, entail more hours, more fees in a case where the fees are already being contested."  Here, the trial court had some evidence to determine the total number of hours billed, and some evidence to support the finding that the tasks listed on the invoice required 94.2 hours to complete, and therefore, we overrule Ford's third issue.

## III.  CONCLUSION

Finding no abuse of discretion by the trial court below, we affirm the order  granting the guardian ad litem, Garcia, compensation for his services in the amount of $28,260.00.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
7th day of October, 2010.

8