NUMBER 13-09-00153-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


FORD MOTOR COMPANY, Appellant,


v.


RICHARD H. GARCIA, Appellee.

 




On appeal from the 93rd District Court


of Hidalgo County, Texas.


 




MEMORANDUM OPINION



Before Justices Rodriguez, Benavides, and Vela


Memorandum Opinion by Justice Benavides


 This is an appeal from an order requiring appellant, Ford Motor Company ("Ford"),
to pay the guardian ad litem fees of appellee, Richard H. Garcia, in the amount of $28,260. 
In this case, Garcia was appointed guardian ad litem, without objection, for the
incapacitated plaintiff Jesus Gonzalez in the underlying personal injury action. All the
claims in this case were settled by the parties and accepted in the final judgment of the
court below, leaving only the issue of compensation for the guardian ad litem on appeal. 
At a hearing before the trial judge, Ford contended that the requested fees were not
reasonable under the Texas Rules of Civil Procedure, which provide that "[i]f a guardian
ad litem requests compensation, he or she . . . may be paid a reasonable hourly fee for
necessary services performed." See Tex. R. Civ. P. 173.6(a) (emphasis added). Over its
objection, Ford was ordered to pay the full amount of Garcia's fees.

 Ford now argues on appeal that the trial court abused its discretion by ordering
payment of Garcia's fees because: (1) Garcia failed to show evidence that the tasks he
performed were relevant to the purpose for which he was appointed; (2) a substantial
portion of the billed tasks were performed by unidentified individuals on Garcia's staff, for
whom it is impossible to determine a reasonable hourly rate; and (3) Garcia did not present
any evidence to show the actual number of hours he or his staff spent to perform any of
the tasks charged on his invoice. We affirm.

I. Background 

 Jesus Gonzalez suffered a brain injury when his son's Ford Truck rolled over on
Interstate Highway 45. His wife, Ramona, brought the underlying personal injury action
against Ford as his guardian, along with claims on her own behalf. The parties reached
a confidential settlement agreement on the underlying claims, but in order to finalize the
settlement, counsel for the plaintiffs filed an unopposed motion requesting that a guardian
ad litem be appointed to protect Jesus's interests. Garcia was appointed in this capacity. 
Following this appointment, the trial court held a hearing to determine if the settlement was
in Jesus's best interest. The court found that it was in his best interest, but deferred
signing the judgment until Garcia's fees could be determined. The entire amount of time
that elapsed from Garcia's appointment to the court's final determination on the settlement
was 10 days.

 In a hearing on February 18, 2009, the trial court heard evidence and considered
Garcia's compensation. At this hearing, Garcia provided the trial court with an invoice in
which he listed activities that he had performed in his role as guardian ad litem. Based on
that invoice and Garcia's testimony, the trial court ordered the full amount of Garcia's fees,
$28,260, to be included in the court costs charged to Ford. See Tex. R. Civ. P. 173.6(c)
("The Court may tax a guardian ad litem's compensation as costs of court."). Ford now
appeals to this Court. See Tex. R. Civ. P. 173.7(a) ("Any party and a guardian ad litem
may appeal an order awarding the guardian ad litem compensation.").

II. Discussion

A. Standard of Review

 We review an award of compensation to a guardian ad litem for an abuse of
discretion. See, e.g., Land Rover U.K., Ltd. v. Hinojosa, 210 S.W.3d 604, 608 (Tex. 2006)
(per curiam). An award of compensation "is in the trial court's sound discretion, and will
not be set aside absent evidence that the trial court clearly abused its discretion." Garcia
v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999). The test for abuse of discretion does not
concern whether this Court would have found differently if placed in the position of the trial
court, but rather, whether the trial court's decision was "arbitrary, unreasonable, and
without reference to guiding principles." Mecedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d
664, 666 (Tex. 1996); see also W. Wendell Hall, Standards of Review in Texas, 38 St.
Mary's L.J. 47, 60-63 (2006) (citing dozens of cases using an identical standard of review). 
In making a factual determination, the trial court may base its decision on conflicting or
otherwise questionable evidence without abusing its discretion and only abuses its
discretion if there is no evidence whatsoever to support its decision. WCM Group, Inc. v.
Brown, 305 S.W.3d 222, 229 (Tex. App.-Corpus Christi 2009, pet. dism'd by agr.). If the
trial court made its determination based on some reasonable basis and used some guiding
principles, it necessarily acted within its permissible discretion, and we must affirm. See
id.

B. Applicable Law

 In determining a reasonable fee for a guardian ad litem's services, a trial court
should employ the factors used to determine the reasonableness of attorney's fees. Land
Rover, 210 S.W.3d at 607; Garcia, 988 S.W.2d at 222. If these factors form the basis of
the trial court's decision, then it clearly was employing a set of standard guiding principles. 
These factors include:

 (1) the time and labor required, the novelty and difficulty of the questions
involved, and the skill required to perform the legal service properly;


 (2) the likelihood . . . that the acceptance of the particular employment will
preclude other employment by the lawyer;


 (3) the fee customarily charged in the locality for similar legal services;


 (4) the amount involved and the results obtained;


 (5) the time limitations imposed by the client or by the circumstances;


 (6) the nature and length of the professional relationship with the client; 

 (7) the experience, reputation, and ability of the lawyer or lawyers
performing the services; and


 (8) whether the fee is fixed or contingent on results obtained or
uncertainty of collection before the legal services have been rendered. 


Id. at 607. Moreover, in calculating the guardian ad litem fee, a simple formula can be
employed: "A reasonable hourly rate multiplied by the number of hours spent performing
necessary services within the guardian ad litem's role yields a reasonable fee." Id. at 608.

C. Ford's Issues on Appeal

 Ford argues three distinct evidentiary insufficiencies that it claims require this Court
to find an abuse of discretion. In determining whether an abuse of discretion occurred in
each of these issues, it is imperative to note that this Court is instructed by the Supreme
Court of Texas to "draw upon the common knowledge of the justices and [our] experience
as lawyers and judges to view the matter in light of the evidence and the amount in
controversy." Id. at 607.

 By its first issue, Ford contends that there was no evidence to show that the tasks
that Garcia performed were relevant to the purpose for which he was appointed. We
disagree. It is quite true that a guardian ad litem is appointed only in a limited role in all but
exceptional circumstances and is prevented from receiving compensation for the
performance of activities that fall outside that limited role. See generally Tex. R. Civ. P.
173. Ford argues that many of the documents that were listed as "Received and
Reviewed" on Garcia's invoice were beyond the scope of the purpose of his appointment,
and therefore, he should not be compensated for reviewing those documents. The trial
court, however, heard testimony specifically concerning the billing of many of these
documents, which almost uniformly led to an exchange similar to the following:

 Q: Okay . . . . Why would you review that?


 A: Because I received it, and I looked [at it] and read every document
that I received in connection with this case.


 Q: Is that your understanding, that you're supposed to review every
document that was provided to you?


 A: That's what I do as an attorney.


This testimony was enough for the trial court to find that it would be "negligent on the part
of any lawyer not to go back and look at the first original petition, the amended petitions,
[etc.] because by their very nature, they were amended for a reason." The testimony
convinced the court, "that it is part of the duty of an ad litem to go back and see that
perhaps his ward wasn't left out in any of these [documents]." Here, the trial court had at
least some reasonable basis to believe that all of the documents reviewed were relevant
to Garcia's appointment and that reviewing those documents was necessary to perform his
duty as a guardian ad litem. Therefore, we overrule Ford's first issue. 

 As Ford notes in its briefs, the Supreme Court of Texas has reversed compensation
awards for guardians ad litem when their billed tasks fall outside the limited role prescribed
by Rule 173, but none of those instances involved the simple reviewing of documents, and
thus, we find the holdings in those cases to be inapplicable to the facts of this case. See
Land Rover, 210 S.W.3d at 609 (reversing the award because it included compensation
for clients that were refused because of the appointment, as well as for non-compensable
time billed for assisting the plaintiff's counsel); Brownsville-Valley Regional Medical Ctr. v.
Gamez, 894 S.W.2d 753, 757 (Tex. 1995) (reversing the award because it included
services provided post-judgement, after the appointment was effectually terminated).

 By its second issue, Ford argues that the trial court abused its discretion by ordering
payment of fees for services that were performed by people other than Garcia himself
because these people were unidentified in the invoice, and there was no evidence to show
a reasonable hourly rate for anyone other than Garcia. Here again, we look for any
evidence on which the trial court could have reasonably based its order. The trial court
specifically referenced several of the reasonableness factors as a reason for its decision,
noting that it was taking into account, "the complexity of a case such as this," "a reduction
in [Garcia's] hourly billable rate of $500 down to 300," and the practical ability of making
a proper recommendation to the court "on a short timeline . . . [of] 10 days." Based on the
evidence heard on each of these factors, the court could have determined that the fee was
reasonable, despite the anonymity of the other individuals on Garcia's staff. Moreover, the
court specifically heard evidence that in addition to Garcia, Isaac Tawil, Garcia's colleague
and legal counsel during the hearing, spent a substantial amount of time reviewing and
talking with Garcia about the case, and also noted other individuals, with whom the court
was familiar, that were known to have worked on the case. This testimony gave the trial
judge at least some indication as to the identity of the other attorneys for whom Garcia was
billing, and based on this testimony, the judge could have determined the fee was
reasonable. The court noted, "we have a reduction in an hourly billable rate of $500 down
to 300, which I can only surmise . . . is because there were other lawyers that perhaps
cannot command the $500 per hour fee because of the lack of experience [when
compared to Garcia]." (1) We believe there was sufficient evidence to find that the rate
charged for other "unidentified" people was reasonable, and therefore, we overrule Ford's
second issue.

 By its third issue, Ford argues that the trial court abused its discretion because there
was no evidence showing the amount of time that Garcia or his staff actually spent on each
of the sixty-five tasks that were listed on his invoice. The invoice itself does not list the time
expended on each task, nor the total amount of hours billed, but the trial court heard
testimony that we believe is sufficient to support its order. It heard testimony that the billing
rate was $300 per hour and that the total amount billed was $28,260. When divided out,
this means that Garcia billed for a total of 94.2 hours. When the total number of hours
billed is mathematically determinable in this way, the trial court need not hear direct
evidence of the total number of hours billed. Rather, because the trial court individually
considered both the total fee and each individual task listed on Garcia's invoice, we can
assume that the trial court computed the total number of hours being billed and, thereafter,
referenced the invoice to determine if it was a reasonable number of hours to complete the
sixty-five tasks listed. Cf. Lesikar v. Moon, 237 S.W.3d 361, 376-77 (Tex. App.-Houston
[14th Dist.] 2007) (upholding an award of attorney's fees despite the fact the attorney "was
not able break down in detail how much time was spent attending each hearing or
preparing each pleading"). After noting that the invoice clearly did not contain dates or
times, the trial court noted that "it could have been better documented, certainly. But to
go back and document would, of course, entail more hours, more fees in a case where the
fees are already being contested." Here, the trial court had some evidence to determine
the total number of hours billed, and some evidence to support the finding that the tasks
listed on the invoice required 94.2 hours to complete, and therefore, we overrule Ford's
third issue.

III. Conclusion

 Finding no abuse of discretion by the trial court below, we affirm the order granting
the guardian ad litem, Garcia, compensation for his services in the amount of $28,260.00. 
 


 ______________________________

 GINA M. BENAVIDES,

 Justice

 


Delivered and filed the

7th day of October, 2010.

1. Garcia's testimony at the hearing indicated that, before his appointment as guardian ad litem in this
case, he practiced law for nearly thirty-five years, sat as a county court at law judge for sixteen years, and
held other public positions including municipal court judge, county judge of Hidalgo County, Texas, mayor of
the City of Edinburg, Texas, and Commissioner of the Texas Adult Probation Commission. It also indicated
that Garcia had experience in ad litem proceedings, both in presiding as a judge, and serving as a guardian
and attorney ad litem in courts across South Texas.