**Samantha NORRED, Individually and Lottie Norred as Next Friend of M.S., a Minor, Appellants,**

v.

**Carolyn HARTSFIELD and Connie Cason, Appellees.**

No. 05–09–00629–CV.

Court of Appeals of Texas, Dallas.

July 19, 2011.

---

584

Constance M. Maher, The Maher Law Firm, Arlington, TX, for Appellants.

Michael L. Fox, Offices of Gallerson & Yates, Irving, TX, for Appellees.

Before Justices MORRIS, MOSELEY, and MARTIN RICHTER.

## OPINION

Opinion by Justice MORRIS.

After a mediated settlement, the trial court rendered judgment both approving and modifying the parties' settlement agreement. Dissatisfied with the trial court's modification of the settlement terms and its award of fees to the court appointed guardian ad litem, Samantha Norred, individually, and Lottie Norred, as next friend of M.S., a minor, bring this appeal. We affirm the trial court's judgment.

### I.

M.S., a child, was seriously injured in a dog attack while visiting the home of appellees, Carolyn Hartsfield and Connie Cason. Samantha Norred, M.S.'s aunt and conservator, together with Lottie Norred, M.S.'s mother, sued Hartsfield and Cason for negligence. The Norreds claimed damages on behalf of M.S. for medical care, pain and suffering, physical impairment, mental anguish, and disfigurement. They also claimed damages on their own behalf for past and future medical expenses. Samantha Norred asserted a claim for special and consequential damages including lost revenue, profits, and earnings while caring for M.S. Finally, Lottie Norred claimed bystander damages for the mental anguish, pain, and suffering she allegedly suffered as a result of witnessing the attack. The trial court appointed a guardian ad litem to represent M.S's interests. The case was eventually settled through mediation.

The settlement agreement signed by the parties awarded the Norreds on behalf of M.S. $140,000. Of that amount, $50,750 was to be paid to the Norreds' attorney to cover attorney's fees, expenses and costs. The remaining $89,250 was to be paid "to or on behalf of M.S." The settlement agreement also awarded "the adult plaintiffs" $35,000. The agreement noted that Lottie Norred agreed to take nothing by her claim and that she would request a dismissal of "any and all claims filed by her." Accordingly, the $35,000 award to the "adult plaintiffs" was solely in favor of Samantha Norred for her individual claims. It was specified that a medicaid lien of approximately $7,000 was to be satisfied from this amount.

The parties submitted their settlement agreement to the trial court for its approval. After several hearings, the trial court signed its "Order Approving Minor Settlement and Final Judgment." The order and judgment set forth several findings and conclusions including the court's statement that Samantha Norred's claims for consequential damages were "not cognizable under Texas law." The trial court also found that certain testimony Samantha Norred offered during the hearings was

untrue and the Norreds, together with their counsel, perpetrated a fraud upon the court with respect to M.S.'s living arrangements.

The court approved the settlement amounts specified in the agreement, but changed the allocation of the funds in the judgment. The $89,250 recovery that the agreement specified was to be paid for the benefit of M.S. was divided so that $79,250 was placed in an annuity and $10,000 was placed into the registry of the court for M.S.'s benefit as allowed by the Texas Health and Human Services Commission. In addition, the judgment specified that of the $35,000 recovered by the "adult plaintiffs" under the agreement, $13,051.76 would be allocated to attorney's fees and costs and $7,186.23 would be allocated to reimburse Medicaid claims. The remainder, pursuant to the judgment, was to be paid into the registry of the court for the benefit of M.S. instead of to Samantha Norred individually. Accordingly, Samantha Norred was awarded nothing for her claims of special and consequential damages. Finally, the trial court awarded the guardian ad litem $21,896.29 in fees of which $5,000 was to be paid by the Norreds and the remainder paid by Hartsfield and Cason. The Norreds brought this appeal.

## II.

■ In challenging the trial court's judgment in this case, the Norreds do not argue the trial court erred in failing to follow the settlement agreement. Instead, they contend the trial court erred in determining that Samantha Norred could not recover for income she lost while caring for M.S. and the evidence is insufficient to support the conclusion that they committed fraud on the court. They also argue the trial court's award of fees to the guardian ad litem was excessive.

According to the Norreds, the trial court erred in refusing to allow Samantha Norred to recover individual damages for lost income because Texas law allows for an award of such damages. The Norreds fail, however, to cite any Texas law supporting this argument. The Norreds rely on the case of *Morrell v. Finke* for the proposition that a parent or conservator may recover for earnings lost while caring for an injured child. *See Morrell v. Finke*, 184 S.W.3d 257, 290–91 (Tex.App.-Fort Worth 2005, pet. denied). But the court in *Morrell* held only that a parent possesses a cause of action to recover for the loss of services or earnings *of the unemancipated minor*. *Id*. Nothing in *Morrell* suggests that a parent may recover for lost income that would have been earned by the parent if he had been working rather than caring for the injured child.

■ Nonetheless, the Norreds argue that the general rule in Texas allowing a parent to recover for expenses incurred in treating a child's injuries is broad enough to allow for the recovery of income lost while caring for the child. While Texas law recognizes that a parent may recover damages for the care he or she provides to an injured child, any recovery is measured by the value of the services provided, not by the amount of income lost while providing the care. *See e.g., Pressey v. Patterson*, 898 F.2d 1018, 1026 (5th Cir.1990). The Norreds submitted no evidence to show the value of the services provided by Samatha Norred to M.S. Accordingly, the trial court did not err in concluding Samantha Norred's claim for consequential damages was "not cognizable under Texas law" and reallocating the settlement money that was to be awarded to her individually.

■ The Norreds also challenge the trial court's finding that they committed a fraud on the court. It is fundamental,

however, that no judgment may be reversed on appeal unless the trial court's error probably caused the rendition of an improper judgment. TEX.R.APP. P. 44.1. Here, the trial court's fraud finding had no effect on the judgment. The court approved the total settlement amount requested by the parties and no sanction or other penalty was imposed on the Norreds or their attorney. The Norreds suggest the trial court, because of its fraud finding, reallocated the money Samantha Norred was supposed to recover individually. But there is nothing in the record to support this assertion. The reallocation of the settlement funds is supported by the trial court's conclusion that Samantha Norred was not entitled to recover individually as discussed above. Because there is no indication that the fraud finding had any effect on the judgment, we will not address the merits of the Norreds' argument. *See Cooke County Tax Appraisal Dist. v. Teel,* 129 S.W.3d 724, 731 (Tex.App.-Fort Worth 2004, no pet.) (erroneous finding of fact is harmless and not grounds for reversal if finding is immaterial).

■ Finally, the Norreds claim the trial court's award of fees to the guardian ad litem was excessive. Under the Texas Rules of Civil Procedure, a guardian ad litem may request compensation and "may be reimbursed for reasonable and necessary expenses incurred and may be paid a reasonable hourly fee for necessary services performed." TEX.R. CIV. P. 173.6(a). The amount of fees awarded to the guardian ad litem is left to the trial court's discretion and will not be overturned absent evidence that the trial court abused its discretion. *See Land Rover U.K., Ltd. v. Hinojosa,* 210 S.W.3d 604, 607 (Tex. 2006). A reasonable hourly rate multiplied by the number of hours spent by the guardian ad litem performing necessary services yields a reasonable fee. *Id.* at

608. The guardian ad litem is required to participate in the case only to the extent necessary to protect the minor's interest, however, and any work performed beyond the scope of this role is non-compensable. *Id.* at 607. A trial court abuses its discretion if it awards ad litem fees for work unrelated to an actual or potential conflict of interest or for work more appropriately performed by the plaintiff's attorney. *See Youngstown Area Jewish Fed'n v. Dunleavy,* 223 S.W.3d 604, 608 (Tex.App.-Dallas 2007, no pet.).

■ Here, the Norreds generally contend that much of the work performed by the guardian ad litem was unnecessary or beyond the scope of his powers. The Norreds, however, were ordered to pay only $5,000 of the $21,896.29 in fees awarded to the guardian ad litem. Hartsfield and Cason were required to pay the remaining $16,896.29 in fees and they have not challenged the reasonableness of that amount. While testifying in support of his fee request, the guardian ad litem specified that approximately $5,000 worth of his time was spent attempting to obtain information from the Norreds to protect M.S.'s interests and addressing difficulties he alleged were created by the Norreds and their conflict of interest with M.S. This work by the guardian ad litem was clearly related to the actual or potential conflict in interest between the Norreds and M.S. and could not have performed by the Norreds' counsel. The trial court heard argument from both sides regarding the necessity of the work and, on appeal, the Norreds do not point to any particular amount they believe was excessive or unnecessary. Furthermore, the guardian ad litem testified about the reasonableness of his hourly rate, and the Norreds do not dispute this evidence. On this record, we cannot conclude the trial court abused its discretion

588

in ordering the Norreds' to pay the guardian ad litem $5,000 in fees.

Based on the foregoing, we resolve the Norreds' three issues against them. We affirm the trial court's judgment.